# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00516-CV

**James Andy Fry, Appellant**

**v.**

**Richard F. Davis, Susan A. Swete, and Rhett Hoestenbach, Appellees**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 45181B, HONORABLE MICKEY RAY PENNINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Andy Fry appeals the trial court's dismissal of his claims against Appellees Richard F. Davis, Susan A. Swete, and Rhett Hoestenbach pursuant to Appellees' Rule 91a motion to dismiss. *See* Tex. R. Civ. P. 91a.1 (authorizing party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact"). We will affirm the trial court's dismissal order.

## BACKGROUND

Fry was sued by his three brothers (Plaintiffs) for alleged misconduct, including fraud and breach of fiduciary duty in his capacity as an officer and director of a closely held corporation and trustee of a family trust. Broadly, the suit accused Fry of attempting to steal the family ranch from his brothers by trying to take control of a corporation that he claimed owned the ranch property. Plaintiffs obtained a temporary restraining order (TRO) and then a temporary injunction (TI), which ordered, inter alia, that Fry cease and desist from interfering with Plaintiffs' use of the ranch.

After Fry allegedly violated the TI in various ways, including filing a forcible-detainer suit, Plaintiffs filed a motion requesting that the trial court hold him in contempt. When a show-cause order was served on Fry, he filed an amended answer, counterclaim, and third-party action. It is this pleading that has led to this appeal.

Fry's third-party action against Appellees—the lawyers representing Plaintiffs in their suit against him—alleged that the lawyers "got the [trial court] judge . . . to act corruptly" and to "deprive [Fry] of vested property rights, in violation of his civil rights" by seeking the TRO and TI against him and moving to have him held in contempt. He specifically pleaded that Appellees acted "under color of state law" in violating his federal constitutional and civil rights and that he, therefore, has a "Section 1983" cause of action against them. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."); *see also* U.S. Const. amend. XIV, § 1 ("Nor shall any State deprive any person of life, liberty, or property, without due process of law.").

Appellees filed a Rule 91a motion to dismiss, asserting that Fry's claims against them are legally invalid because no claim lies against the lawyers representing one's opponent in a civil case because they are not state actors acting under color of law and are immune from such lawsuits. The trial court granted Appellees' motion and later severed Fry's claims against Appellees. Fry appeals the trial court's dismissal of his claims against Appellees.

**STANDARD OF REVIEW**

We review a trial court's dismissal of a suit under Rule 91a de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). The availability of a remedy under the facts alleged is a question of law, and Rule 91a's "factual-plausibility standard" is akin to a legal-sufficiency review. *Id.* We must affirm the trial court's dismissal if we conclude that the dismissed action has no basis in law or fact. Tex. R. Civ. P. 91a; *Sanchez*, 494 S.W.3d at 724. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought. Tex. R. Civ. P. 91a.1. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.*

**DISCUSSION**

In his first issue, Fry complains that the trial court erred in dismissing his constitutional and civil-rights claims because Appellees became "state actors" under Section 1983 by "getting" the trial court to "act corruptly" in issuing a "void" injunction[1] and by moving to hold Fry in contempt. In his second issue, he contends that Appellees are not entitled to the "attorney immunity" afforded under Texas law because state law is "over-ridden" by federal law and, to the extent that the trial court's dismissal was based on the immunity doctrine, it was in error. We conclude that neither of

---

[1] Fry contends that the TRO was "void" because it purported to be valid for 28 days, as opposed to the 14-day duration permitted by Texas Rule of Civil Procedure 680, *see* Tex. R. Civ. P. 680, and was granted without notice but did not state why it was granted without notice, *see id.* He also contends that neither the TRO nor the TI set a date for the trial on the merits, as required, which constitutes a "fatal defect." *See id.* R. 683; *Qwest Commc'ns v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). The question of whether the TRO and TI are void is not before us in this appeal.

3

Fry's issues has any merit because his claims against Appellees have no basis under the law of Section 1983.

Section 1983 does not create substantive rights but, rather, is a civil remedy for the deprivation of a constitutional right. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). A Section 1983 claim requires a plaintiff to prove that he was deprived of a constitutional right under color of law, *West v. Atkins*, 487 U.S. 42, 48 (1988), because the protections afforded by the section protect only against state action, not private action, *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980) ("Section 1983 does not reach all constitutional injuries, but only those caused by persons acting 'under color of' state law."); *Park v. Escalera Ranch Owners' Ass'n*, 457 S.W.3d 571, 590 n.9 (Tex. App.—Austin 2015, no pet.) ("The Due Process Clause of the Fourteenth Amendment does not apply to private conduct, unless state action can be found.").

Acts performed by private litigants in lawsuits, without more, do not support a Section 1983 claim, because "[p]rivate use of state sanctioned remedies or procedures do not rise to the level of state action," and their acts do not happen under the color of law. *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988). Litigants' counsel likewise are not state actors for purposes of a Section 1983 claim merely because they receive relief from a court in the form of an order, judgment, or temporary injunction, *see Dahl*, 630 F.2d at 281, or seek to enforce a court order through contempt proceedings, *see Dolenz v. Akin*, No. 3:95-CV-1605-P, 1997 WL 21388, at *3–4 (N.D. Tex. Jan. 14, 1997) (holding that attorney who "prosecuted" his client's opposing party for contempt was not acting under color of law without more, such as allegations of

4

actual conspiracy with judge). Even the alleged misuse or abuse of the judicial process does not, without more, constitute state action. *See Wyatt v. Cole*, 994 F.2d 1113, 1117–18 (5th Cir. 1993) (holding that alleged abuse of state ex parte attachment statute, alone, is insufficient to support Section 1983 claim but that when alleged abuse of statute is combined with challenge to constitutionality of statute itself, defendant may be considered to be acting under color of law); *cf. Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 555 (5th Cir. 1988) (deeming criminal district attorneys hired by private litigants to be "state actors" where attorneys advised sheriff of provisions of TRO and means of enforcing it, sought advice from state attorney general, and received regular reports from sheriff's office about litigation opponents throughout litigation); *Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976, 982–83 (5th Cir. 1979) (noting that private persons who are involved in conspiracy with state official such as judge can be liable under Section 1983).

Fry's pleadings generally and vaguely allege that Appellees are "acting under color of state law" by (1) "suing to have James Andy Fry held in contempt" and (2) "[getting] the judge(s) in this case to act corruptly and to deprive James Andy Fry of [his] vested property rights" by "obtaining the issuance of a [void] temporary restraining order and temporary injunction." His pleadings do not allege any acts—for instance, conspiracy, collusion, fraud, or bribery of judges or other state officials—beyond Appellees' mere use of the legal system to advocate for their clients. He also does not challenge the constitutionality of any of the rules or statutes under which Appellees sought their requested relief. The factual allegations in Fry's pleadings are simply not enough to support his bare assertion that Appellees were "acting under color of state law." Rather, the allegations merely constitute the "[p]rivate use of state sanctioned remedies or procedures [that] do

5

not rise to the level of state action." *See Tulsa Prof'l Collection Servs.*, 485 U.S. at 485. Accordingly, the trial court properly granted Appellees' Rule 91a motion to dismiss Fry's Section 1983 claims.[2]

## CONCLUSION

We affirm the trial court's dismissal order.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: August 23, 2018

---

[2] Because Fry's pleadings have not alleged any facts supporting his claim that Appellees were acting under color of law in seeking relief in the form of a TRO, TI, and contempt, we need not address his second appellate issue asserting that federal law preempts the Texas common-law rule that lawyers are immune from claims brought against them by non-clients for actions taken in connection with representing a client in litigation. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 482–83 (Tex. 2015) (outlining attorney-immunity rule).