# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2019

No. 18-10555

Lyle W. Cayce
Clerk

BRIDGET ALEX, Individually and on Behalf of the Estate of Brandon Alex;
JASHAWN ALEX; MICHAELLE COHEN; ESTATE OF BRANDON ALEX;
DETREASURE COKER,

      Plaintiffs - Appellees

v.

T-MOBILE USA, INCORPORATED; T-MOBILE US INCORPORATED,
formerly known as MetroPCS Communications Incorporated,

      Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1532
USDC No. 3:17-CV-2622

Before CLEMENT, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

After Brandon Alex's death, members of his family (collectively, the
"Estate") sued T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "T-
Mobile") and alleged that T-Mobile caused Brandon's death because its failed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-10555

technology prevented Brandon from receiving timely medical attention after an injury. The district court rejected T-Mobile's assertion of statutory immunity because the Estate had plausibly alleged that T-Mobile's service was the proximate cause of Brandon's death. Although this case is tragic, and the Estate's claim is emotionally compelling, Texas law appears to insulate T-Mobile from suit—we reverse.

## FACTS AND PROCEEDINGS

On March 11, 2017, seven-month old Brandon Alex was injured after falling from a daybed. His babysitter dialed 9-1-1 three separate times from her T-Mobile/MetroPCS cell phone. She was placed on hold each time, for a total of more than forty minutes. Unable to connect to a dispatcher, she eventually called Brandon's grandmother, who drove him to an emergency room more than an hour after the first 9-1-1 call. Brandon was pronounced dead soon after arriving at the hospital.

The Estate sued T-Mobile in state court for claims arising from Brandon's death. The matter was removed to the Northern District of Texas. T-Mobile moved to dismiss the claims, asserting statutory immunity. The district court held that statutory immunity did not bar the claims. The district court certified its decision for interlocutory appeal, concluding that it presented the following question of law: "whether, as a matter of law, the use of property that hinders or delays treatment, without other intervening causes, can never be the proximate cause of an injury."

## STANDARD OF REVIEW

We review *de novo* a district court's denial of a motion to dismiss, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[s]." *Billings v. Propel Fin. Servs., L.L.C.*, 821 F.3d 608, 611 (5th Cir. 2016) (quotation omitted).

2

No. 18-10555

**DISCUSSION**

In a four-page opinion, the Supreme Court of Texas provided guidance on what constitutes proximate cause in a similar case. *City of Dall. v. Sanchez*, 494 S.W.3d 722 (Tex. 2016). Sanchez's parents sued the City of Dallas for negligence, alleging that the City's defective 9-1-1 system caused their son's death. *Id.* The City moved to dismiss the claims, asserting governmental immunity under the Texas Tort Claims Act ("TTCA"). To establish a waiver of governmental immunity, the parents needed to establish that "the phone's condition was a proximate cause of Sanchez's death." *Id.* at 726.

The court articulated the following rule:

> Proximate cause requires both cause in fact and foreseeability. For a condition of property to be a cause in fact, the condition must serve as a substantial factor in causing the injury and without which the injury would not have occurred. When a condition or use of property merely furnishes a circumstance that makes the injury possible, the condition or use is not a substantial factor in causing the injury. To be a substantial factor, the condition or use of the property must actually have caused the injury. **Thus, the use of property that simply hinders or delays treatment does not actually cause the injury and does not constitute a proximate cause of an injury.**

*Id.* at 726 (citations and quotations omitted) (emphasis added).

Under Texas Health and Safety Code §§ 771.053(a) and 772.407, T-Mobile is immune from claims arising out of its provision of 9-1-1 services "unless the act or omission proximately causing the claim, damage, or loss constitutes gross negligence, recklessness, or intentional misconduct." So, the

3

No. 18-10555

Estate must establish proximate cause to prevail on a claim against T-Mobile under the statutes.[1] *See id.*

The parties debate the binding effect of the above-quoted *Sanchez* statement. At an absolute minimum, the statement is non-erroneous *judicial dictum*, and we must follow it under the *Erie* doctrine.[2]

In Texas, there are two types of *dicta*: *obiter dictum* and *judicial dictum*. *Autobahn Imports, L.P. v. Jaguar Land Rover N. Am., L.L.C.,* 896 F.3d 340, 346 (5th Cir. 2018). *Obiter dictum* is made in passing and is not binding. *Id. Judicial dictum* is "a statement made deliberately after careful consideration and for future guidance in the conduct of litigation." *Id. Judicial dictum* "should be followed unless found to be erroneous." *Id.*

In *Sanchez*, the statement appears as the culminating point of the rule statement. *Sanchez*, 494 S.W.3d at 726. Based on the language and structure of the opinion, this statement appears to be deliberate and "plainly intended to guide future courts and litigants" on the appropriate requirements to establish proximate cause in similar circumstances. *Autobahn*, 896 F.3d at 347 (emphasis removed). Accordingly, the statement must at least be treated as *judicial dictum*.[3]

To the extent the facts in *Sanchez* are slightly different from those at hand, "this court must make an '*Erie* guess,' i.e., forecast how the Supreme Court of Texas 'would rule.'" *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709

---

[1] The Estate argues that "[a]s long as pleadings plausibly allege gross negligence, recklessness and/or intentional misconduct, §§ 771.053(a) and 772.407 provide no immunity to T-Mobile." However, this is at odds with the quoted portion of the relevant statutes.

[2] While T-Mobile argues that the *Sanchez* statement was not *dictum* at all, we need not reach this issue.

[3] And the Estate cannot show that the statement is somehow erroneous. Indeed, it is consistent with the approach to proximate causation that Texas outlined more than a decade earlier. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587–88 (Tex. 2001) (cited favorably in *Sanchez*).

F.3d 515, 520 (5th Cir. 2013) (citing *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 392 (5th Cir. 2009)). "This prediction may be based on [Texas] case law, dicta, general rules on the issues, decisions of other states, and secondary sources." *Id.* (alteration in original).

Based on the express language of the *Sanchez* statement, we conclude that the Supreme Court of Texas would probably rule that the Estate has failed to plead facts that could support a finding of proximate cause. Accordingly, the district court erred in attempting to modify Texas's proximate cause law. *See W.-S. Life Assurance Co. v. Kaleh*, 879 F.3d 653, 658 (5th Cir. 2018) ("When making an *Erie* guess, [o]ur task is to attempt to predict state law, not to create or modify it." (alteration in original) (quotation omitted)).

## CONCLUSION

For the foregoing reasons, we REVERSE the district court and REMAND with instructions to dismiss the action against T-Mobile.