# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

No. 19-10878
Summary Calendar

————————

BRIDGET ALEX, Individually and on behalf of the Estate of Brandon Alex; JASHAWN ALEX; MICHAELLE COHEN; ESTATE OF BRANDON ALEX; DETREASURE COKER,

Plaintiffs - Appellants

v.

T-MOBILE USA, INCORPORATED; T-MOBILE US INCORPORATED, formerly known as MetroPCS Communications Incorporated; METROPCS MIDWAY RD; DEUTSCHE TELEKOM NORTH AMERICA INCORPORATED; T-SYSTEMS NORTH AMERICA INCORPORATED,

Defendants - Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


ESTATE OF BRANDON ALEX, through personal representative Detreasure Coker; DETREASURE COKER, individually and as surviving mother of Brandon Alex, deceased

Plaintiffs - Appellants

v.

T-MOBILE US INCORPORATED, formerly known as MetroPCS Communications Incorporated; T-MOBILE USA, INCORPORATED; T-SYSTEMS NORTH AMERICA INCORPORATED; DEUTSCHE TELEKOM NORTH AMERICA INCORPORATED

Defendants - Appellees

No. 19-10878

————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1532
USDC No. 3:17-CV-2622

————————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This case comes before us a second time after remand to the district court. *See Alex v. T-Mobile USA, Inc.*, 776 F. App'x 205 (5th Cir. 2019). Brandon Alex's family members sued T-Mobile USA, Inc., T-Mobile US, Inc. (collectively, "T-Mobile"), Deutsche Telkom North America, Inc., and T-Systems North America, Inc. (collectively, "T-Systems"), alleging that a defect in their 9-1-1 technology prevented first responders from arriving in time to save Brandon's life. Because, as we previously concluded, T-Mobile and T-Systems are immune under Texas law, we AFFIRM the district court's dismissal.

Seven-month-old Brandon Alex was injured after falling from a daybed. His babysitter dialed 9-1-1 three separate times, and stayed on an unconnected line for over thirty minutes. Unable to connect to a dispatcher, Brandon's grandmother drove him to an emergency room over an hour after the first 9-1-1 call. Brandon was pronounced dead shortly after arriving at the hospital.

Brandon's family members sued T-Mobile and T-Systems for claims arising from Brandon's death. Both Defendants moved to dismiss, asserting

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory immunity under Texas law. Although the district court denied those motions, we reversed on interlocutory appeal and remanded "with instructions to dismiss the action against T-Mobile." *Id.* at 207.

On remand, Plaintiffs argued that some of their claims survived our ruling. The district court disagreed. It correctly read our opinion "to mean that Defendants are statutorily immune from [all of] Plaintiffs' claims," and dismissed all claims against T-Mobile and T-Systems with prejudice. Plaintiffs now bring this second appeal.

This court has already held that, under the Supreme Court of Texas's decision in *City of Dallas v. Sanchez*, 494 S.W.3d 722 (Tex. 2016), Plaintiffs failed to allege proximate cause sufficient to overcome T-Mobile's immunity.[1] Plaintiffs' new appeal raises many of the same arguments. Then, as now, Plaintiffs argued that *Sanchez* does not require dismissal of each of their claims. And then, as now, we disagreed—we directed the district court to "dismiss *the action* against T-Mobile." *Alex*, 776 F. App'x at 207.

Plaintiffs try to sidestep our prior decision by arguing that we previously considered only the original complaint, and not the amended complaint. The amended complaint, however, was part of the record in the first appeal, and Plaintiffs cited exclusively to it. We still determined that dismissal of "the action"—not a particular complaint—was required by Texas law. And Plaintiffs' allegations in the amended complaint are based on the same causal theory: that Defendants' technology caused Brandon's death because it prevented him from receiving "timely police and/or EMT assistance."

---

[1] In *Sanchez*, two parents alleged that a defect in the City of Dallas's 9-1-1 system caused their son's death by preventing first responders from timely responding to his overdose. The Texas Supreme Court announced that "the use of property that simply hinders or delays treatment does not actually cause the injury and does not constitute a proximate cause of an injury." 494 S.W.3d at 726 (citations and quotations omitted).

Because T-Mobile and T-Systems are immune under Texas law, the district court did not err in dismissing Plaintiffs' claims against them—we affirm.

AFFIRMED; MOTION TO DISMISS APPEAL AS FRIVOLOUS DENIED.