**Opinion issued June 15, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00359-CV

_____

**NASSER CHEHAB, Appellant**

**V.**

**EDGEWOOD DEVELOPMENT, LTD., Appellee**

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2019-78993

## MEMORANDUM OPINION

This appeal arises from a suit on a commercial lease. Nasser Chehab sued his landlord, Edgewood Development, Ltd., which moved to dismiss his claims as baseless under Rule 91a of the Rules of Civil Procedure. The trial court granted Edgewood's motion and Chehab appeals from the order of dismissal. We affirm.

## BACKGROUND

Chehab sued Edgewood for breach of contract and fraud. He alleged that a commercial lease entitled him to personally audit Edgewood's books to assess the legitimacy of certain operating costs he purportedly owed under the lease but that Edgewood refused his audit request. Chehab attached the lease as an exhibit to his petition and referred to its provisions in his pleading.

Edgewood filed a general denial and moved to dismiss. In its motion to dismiss, Edgewood argued that the lease provided solely for an audit by an auditing firm, not Chehab, and that Chehab's allegations asserting a right to conduct his own audit thus defeated his contract and fraud claims.

Chehab filed a response in opposition and amended his petition. In his amended petition, Chehab added a claim for breach of fiduciary duty. But his factual allegations were materially unchanged.

Edgewood filed a reply in which it argued that Chehab's allegations likewise defeated his claim for breach of fiduciary duty because he merely alleged the existence of a commercial contractual relationship between the parties.

The trial court dismissed all of Chehab's claims. Chehab appeals.

## DISCUSSION

Chehab contends that the trial court erred in dismissing his claims for two independent reasons. First, he contends that he stated viable contract and fraud

2

claims that are not subject to dismissal. He argues that Edgewood's contrary position is mistaken because the lease does not define "auditing firm" and he therefore was personally entitled to audit its books and "should not have to employ an outside company at great expense." Second, Chehab contends that the trial court could not dismiss his suit in its entirety because he amended his pleading to include a claim for breach of fiduciary duty after Edgewood filed its motion to dismiss.

## Standard of Review

We review a trial court's order dismissing claims under Rule 91a of the Texas Rules of Civil Procedure de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). We do so because whether a remedy is available based on the facts alleged by a plaintiff is a question of law and Rule 91a's factual-plausibility standard is analogous to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

## Applicable Law

A party may move to dismiss a claim because it has no basis in law or fact. TEX. R. CIV. P. 91a.1. A claim "has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A claim has no basis in law in at least two situations: when the nonmovant's pleading alleges too few facts to establish a cognizable claim and when it alleges facts that defeat the claim. *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240

3

(Tex. App.—Houston [1st Dist.] 2015, pet. denied). A claim "has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

A nonmovant may respond to a motion to dismiss in part by amending its pleading. *See* TEX. R. CIV. P. 91a.5(b). If the nonmovant amends a challenged claim at least three days before the motion to dismiss is heard, the movant may withdraw or amend its motion. *Id.* If the nonmovant's pleading amendment states a new claim, the movant must supplement or amend its motion to address the new claim in order to obtain dismissal as to it. *See* TEX. R. CIV. P. 91a.2 (movant must identify each claim it seeks to dismiss); *MedFin Manager v. Stone*, 613 S.W.3d 624, 631 (Tex. App.—San Antonio 2020, no pet.) (trial court cannot dismiss unidentified claims).

In deciding the motion, the trial court must liberally construe the pleadings in the nonmovant's favor. *See Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). It cannot consider evidence. TEX. R. CIV. P. 91a.6. Instead, it "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59," which includes a written instrument on which the claims or defenses are based. TEX. R. CIV. P. 59, 91a.6. These limitations, of course, do not bar the trial court from considering the legal arguments made by the parties. *Bethel*, 595 S.W.3d at 655–56.

**Analysis**

Each of Chehab's claims turn on parties' contractual obligations. Chehab alleges that Edgewood is liable for breach of contract because it did not comply with the lease's audit provision. He alleges that Edgewood is liable for fraud because it misrepresented that it would comply with the lease's audit provision. Finally, he alleges that Edgewood owed him a fiduciary duty based on their landlord-tenant relationship and breached its fiduciary duty to him by refusing to allow him to audit its books as required by the lease. Thus, all three of Chehab's claims depend on whether he has a right to personally audit Edgewood's books.

But the parties' lease does not entitle Chehab to personally audit Edgewood's books. The lease instead confers a more limited right to audit. Among other things, the lease states that Chehab is entitled to conduct an audit only if "such audit is performed by an auditing firm which is commonly known to be reputable." Thus, Chehab's own allegations, in conjunction with the contractual terms on which his claims rest, defeat his right to recover for breach of contract, fraud, and breach of fiduciary duty.

Chehab argues that because the lease does not define "auditing firm," he qualifies as one and may conduct the audit himself. But we must give contractual terms their plain, common, or generally accepted meaning unless the contract shows that the parties used the words in a technical or different sense. *Plains Expl. & Prod.*

5

*Co. v. Torch Energy Advisors*, 473 S.W.3d 296, 305 (Tex. 2015). The term "auditing firm" does not include an individual like Chehab, who does not allege that he is in the business of examining financial records. *See Audit*, BLACK'S LAW DICTIONARY (11th ed. 2019) (formal examination of accounting records, financial situation, or compliance with set of standards); *Firm*, BLACK'S LAW DICTIONARY (11th ed. 2019) (business-related association, partnership, or company).

Chehab also argues that he "should not have to employ an outside company at great expense" to conduct an audit. This argument simply asks us to disregard the written terms of the lease to give Chehab rights the lease does not. But courts cannot rewrite contracts and instead must enforce them as written. *In re Davenport*, 522 S.W.3d 452, 457 (Tex. 2017). Here, the lease explicitly states that an audit shall be at Chehab's "sole cost and expense" and mandates that the audit be "performed by an auditing firm." Given these unambiguous contractual terms, we reject Chehab's argument that he should not have to use an auditing firm due to the expense of doing so. The lease imposes this expense on him.

Finally, Chehab argues that the trial court erred in dismissing his breach of fiduciary duty claim because he asserted it in an amended pleading and Edgewood did not file an amended motion to dismiss this claim. But Edgewood did address and seek dismissal of Chehab's fiduciary duty claim in its reply in support of its motion to dismiss. Notably, the trial court did not dismiss Chehab's claims until two months

after Edgewood filed its reply. Chehab does not identify any harm he suffered as a result of Edgewood addressing his fiduciary duty claim in its reply rather than an amended motion to dismiss. Because the ostensible procedural irregularity about which Chehab complains did not probably cause the rendition of an improper judgment or prevent him from presenting his case on appeal, we cannot reverse the judgment on this basis. TEX. R. APP. P. 44.1(a).

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

7