**Reversed and Remanded and Opinion Filed July 11, 2023**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

_____

**No. 05-22-01018-CV**
_____

**JOSE ROSARIO MENDOZA JR., Appellant
V.
MILKSHAKE, LLC; MILKSHAKE CONCEPTS, LLC; MILKSHAKE
CAPITAL PARTNERS, LLC; SP RESTAURANT HOLDINGS, LLC;
AND CITIZEN UPTOWN, LLC, Appellees**

**On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-22-02551-C**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Reichek

Jose Rosario Mendoza Jr. appeals the trial court's order granting appellees'

Rule 91a motion to dismiss. Mendoza contends the trial court erred in determining

that his claims had no basis in law or in fact. We agree that appellees' motion did

not set out any meritorious reasons for dismissal under Rule 91a and reverse and

remand.

## Background

As alleged in Mendoza's petition, on January 16, 2022, Mendoza was a patron at a Dallas nightclub called "Citizen" when a fellow patron, Eric Lozano, shot and critically injured him. Mendoza sued six limited liability companies—Citizen Dallas, LLC, and the five appellees, Milkshake, LLC, Milkshake Concepts, LLC, Milkshake Capital Partners, LLC, SP Restaurant Holdings, LLC, and Citizen Uptown, LLC—seeking damages for his injuries. The petition states Mendoza sued any business entity "whose name contains the words or who does business under or as 'Citizen,' 'Citizen Nightclub,' or 'Citizen Dallas' located at 2511 Swiss Avenue" in Dallas. Each defendant has its registered office at the same address on Main Street in Dallas. The petition named Imran Sheikh as the registered agent for appellees Milkshake, LLC and Milkshake Capital Partners, LLC and named Milkshake, LLC as the registered agent for the other four defendants.

In his pleading, Mendoza referred to the six defendants collectively as "Defendants" and alleged that each defendant was an agent of the others. Mendoza alleged defendants owned and controlled the club and undertook to provide security there. They searched, patted down, or used a metal detector wand on some, but not all, patrons. Defendants allowed Lozano to enter the premises with a gun. After Lozano shot Mendoza, security guards "scooped" Mendoza up and "threw him outside onto the concrete like trash." Mendoza alleged defendants were negligent

in failing to provide appropriate and reasonable security services once they undertook to provide such services. Among other things, he alleged defendants failed to: reasonably inspect those entering the premises for concealed firearms, provide rules and regulations for prevention of firearms being carried onto the premises, enforce such rules and regulations, and properly train employees. Mendoza alleged defendants' conduct involved an extreme degree of risk and that they had actual awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of others. He sought actual and exemplary damages.

All defendants were represented by the same attorney. Citizen Dallas was the only defendant to file an answer. The five appellees filed a short, joint motion to dismiss Mendoza's claims pursuant to Texas Rule of Civil Procedure Rule 91a. Appellees asserted Mendoza's claims have no basis in law or fact because (1) appellees are entities that are not related to Citizen nightclub; (2) appellees are parties solely for the purposes of harassment; and (3) Mendoza did not plead any legal or factual basis to justify appellees being named as defendants.

After Mendoza responded that appellees' stated reasons for dismissal were either outside the scope of Rule 91a or incorrect, appellees filed a reply in support of their motion. Under the heading "Verified Denial," the reply stated, "Defendants are not liable in the capacity in which they were sued . . . [and] are entirely separate entities from the entity Plaintiff alleges committed the acts/omissions within Plaintiff's petition." Attached to the reply was a sworn and notarized verification

from Sheikh, who identified himself only as "an authorized representative of the Defendants." Sheikh said the statements contained in the verified denial are within his personal knowledge and are true and correct.

A visiting judge sitting by assignment held a hearing on the motion to dismiss. The sole argument made at the hearing was that appellees were the wrong parties. The visiting judge granted the motion, dismissed appellees as defendants, and left the issue of appellees' attorney's fees under Rule 91a to be determined. After Mendoza filed a notice of nonsuit of his claims against Citizen Dallas, the district judge signed an order which dismissed Mendoza's claims against Citizen Dallas without prejudice and "dispose[d] of all remaining claims and all remaining parties."

Mendoza argues the trial court erred in granting the Rule 91a motion because none of the three grounds asserted in appellees' motion warranted dismissal of his claims. We agree.

**Applicable Law**

Texas Rule of Civil Procedure 91a provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.* A motion to dismiss must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. *Id.* 91a.2. The trial

court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59. *Id.* 91a.6; *see id.* 59 ("[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on . . . may be made a part of the pleadings").

Rule 91a permits motions to dismiss based on affirmative defenses, if the plaintiff's allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). Because Rule 91a does not allow consideration of evidence, only affirmative defenses that are conclusively established by the facts in a plaintiff's petition are a proper basis for a 91a motion to dismiss. *See id.*; *Frankel v. Butler*, No. 05-21-01122-CV, 2022 WL 17883798, at *4 (Tex. App.—Dallas Dec. 23, 2022, no pet.) (mem. op.).

We review the merits of a Rule 91a motion de novo. *Bethel*, 595 S.W.3d at 654; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). Because dismissal on the pleadings is a harsh remedy, courts must strictly construe the requirements of Rule 91a. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.).

**Analysis**

In their motion to dismiss, appellees first asserted Mendoza's claims should be dismissed because appellees "are entities that are NOT related to the establishment [in] which the Plaintiff purports the incident occurred." In their appellate brief, appellees argue the trial court was entitled to dismiss the case based on the affirmative defense that they were not proper parties. Neither appellees' motion to dismiss nor their reply used the term "affirmative defense." *See* TEX. R. CIV. P. 91a.2 (motion to dismiss must state specifically reasons cause of action has no basis in law or fact). Assuming appellees' motion sufficiently raised this affirmative defense as grounds for dismissal, the defense was not a valid reason for dismissal in this case.

Appellees contend that in determining whether they were proper parties, the trial court was entitled to consider the verified denial contained in their reply. *See* TEX. R. CIV. P. 93 (requiring pleading setting up defect of parties to be verified by affidavit). We reject appellees' assertion that Mendoza's claims against them can be dismissed due to the verified denial. Assuming the verified denial conclusively proved appellees were improper parties, it cannot be included in the Rule 91a analysis. The trial court was required to decide the motion based solely on the pleading of the cause of action. *See id.* 91a.6. This is not a case in which the affirmative defense is conclusively established by the facts in the petition. *Cf. Bethel*, 595 S.W.3d at 658 (plaintiff's pleadings established affirmative defense of attorney immunity because complained-of actions were the kind taken in connection

–6–

with representing client in litigation). Whether appellees are improper parties is not something that can be determined solely from Mendoza's petition. Mendoza alleged appellees owned and controlled the club, and we must accept his allegations as true. There is nothing in the petition to establish that appellees are not related to Citizen nightclub.[1]

As their second ground for dismissal, appellees asserted that Mendoza named them as parties solely for the "purposes of harassment." Appellees do not mention this argument on appeal. Nothing in Mendoza's petition demonstrates that appellees were sued solely for purposes of harassment. The dismissal cannot be upheld on this basis.

Finally, appellees asserted Mendoza did not plead any legal or factual basis to justify appellees being parties to the suit. Appellees did not specify in their motion why there is no legal basis to justify their being named as defendants. The motion merely stated "Plaintiff's causes of action against Defendants for: Negligence/Gross Negligence have no basis in law." We assume this is another reference to the

---

[1] In the trial court, appellees relied on *Drew v. Belver*, No. 04-20-00483-CV, 2021 WL 3518541 (Tex. App.—San Antonio Aug. 11, 2021, pet. denied) (mem. op.), for the proposition that the court could consider the verified denial. *Drew* is not a Rule 91a case; it is a Texas Citizens Participation Act (TCPA) case. When ruling on a motion to dismiss under the TCPA, a trial court is permitted to consider evidence it could consider in a summary judgment proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); TEX. R. CIV. P. 166a(c). The holding in *Drew* was that it was not an abuse of discretion for the trial court to consider certified documents attached to a reply in ruling on a TCPA motion. *Drew*, 2021 WL 3518541, at *3. *Drew* does not stand for the proposition that a trial court can consider evidence in ruling on a Rule 91a motion, and appellees do not cite *Drew* on appeal.

argument that appellees are not related to the nightclub where Mendoza was shot. We have already rejected that basis for dismissal.

Appellees argued Mendoza's claims had no basis in fact because Mendoza did not plead any facts "that relate to any action and/or inaction on behalf of the Defendants." But Mendoza did allege appellees' action or inaction. He alleged that appellees (and Citizen Dallas) owned and controlled the nightclub and undertook to provide security services at the club. He specified various ways in which appellees failed to adequately perform security services and alleged the negligent acts or omissions proximately caused his injuries. Mendoza alleged facts that, if true, could support negligence claims against appellees.

In their brief, appellees present additional grounds for dismissal not included in their motion to dismiss. For example, they argue Mendoza's claims lacked any basis in law because he did not distinguish between the conduct of the six defendants and lacked any basis in fact because no reasonable person could believe six entities engaged in a conspiracy to be negligent. A motion to dismiss must state specifically the reasons the cause of action has no basis in law or in fact. TEX. R. CIV. P. 91a.2. Because these arguments were not made in the trial court, we do not consider them. *See Renate Nixdorf GmbH*, 2019 WL 92038, at \*9 n.12. Appellees' motion to dismiss did not present any valid grounds for dismissal under Rule 91a, and therefore the trial court erred in granting the motion. We sustain Mendoza's sole issue.

We reverse the trial court's order granting appellees' motion to dismiss and remand for further proceedings consistent with this opinion.

/Amanda L. Reichek//

221018f.p05

AMANDA L. REICHEK
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE ROSARIO MENDOZA JR.,
Appellant

No. 05-22-01018-CV        V.

MILKSHAKE, LLC; MILKSHAKE
CONCEPTS, LLC; MILKSHAKE
CAPITAL PARTNERS, LLC;  SP
RESTAURANT HOLDINGS, LLC;
AND CITIZEN UPTOWN, LLC,
Appellees

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-22-02551-
C.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Miskel participating.

In accordance with this Court's opinion of this date, the trial court's August 16, 2022 order granting appellees' motion to dismiss is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Jose Rosario Mendoza Jr. recover his costs of this appeal from appellees Milkshake, LLC, Milkshake Concepts, LLC, Milkshake Capital Partners, LLC, SP Restaurant Holdings, LLC AND Citizen Uptown, LLC.

Judgment entered this 11th day of July, 2023.