**Opinion issued June 12, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00440-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**JESUS SANCHEZ A/K/A RYAN SANCHEZ, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-21604**

---

## MEMORANDUM OPINION

The City of Houston appeals the trial court's denial of its motion to dismiss under Texas Rule of Civil Procedure 91a, in which it argued that appellee Jesus Sanchez a/k/a Ryan Sanchez failed to plead facts that would show a waiver of the City's governmental immunity. On appeal, the City again argues that, because his

pleading is conclusory, Sanchez failed to plead facts that would both establish a waiver of immunity under the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE § 101.001, *et seq.*, and negate application of the 9-1-1 and emergency exceptions to the TTCA's waiver of immunity. Sanchez maintains that his pleading was sufficient to establish waiver.

We affirm.

## Background

Sanchez was stopped at a red light when Officer J. Alvarenga of the City of Houston Police Department struck him from behind in a police car. At the time of the collision, the police car's emergency lights were activated, but its siren was not. Sanchez alleged that Alvarenga was operating the vehicle with his emergency equipment activated and responding to an emergency call. Sanchez sued the City for property damage and personal injuries he sustained in the collision. The City filed a motion to dismiss under Texas Rule of Civil Procedure 91a, arguing that Sanchez's claims had no basis in law because Sanchez failed to plead facts both sufficient to establish a waiver of governmental immunity under the TTCA and to negate the emergency and 9-1-1 exceptions to the TTCA. In response to the Rule 91a motion, Sanchez amended his petition twice, making his second amended petition his live pleading.

In his second amended petition, Sanchez pleaded that the City's immunity was waived under the TTCA because his cause of action arose from the negligence of an employee who was driving a motor vehicle.[1] He also pleaded the following facts:

- Alvarenga was a City employee and was driving the City's vehicle in the course and scope of his employment with the City;

- "According to the crash report, [J.] Alvarenga was operating the police vehicle with the emergency equipment activated. . . . It is unknown at this time why [J.] Alvarenga had his emergency lights activated."

- As Sanchez approached the intersection, "the light was red."

- Sanchez "came to a complete stop behind another vehicle also waiting for the red light. All other lanes to the left and right of [Sanchez] had vehicles stopped for a red light."

- Sanchez saw "the police vehicle with its lights activated; however, he did not hear any siren or other emergency sounds from the police vehicle . . . ."

- Alvarenga "was operating the vehicle with emergency equiptment [sic] activated and responding to an emergency call."

- Alvarenga "failed to pay attention that the vehicles in front of him and around him were at a complete stop for a red light."

- Alvarenga "failed to control his speed."

- Alvarenga "failed to br[ake] in a timely manner."

- Alvarenga "failed to keep an assured and safe distance from Plaintiff's vehicle."

- Alvarenga "failed to turn his vehicle in order to avoid the collision."

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 101.021.

3

- Alvarenga "failed to operate his vehicle with due regard for the safety of all persons including [Sanchez] and/or operated his vehicle with reckless disregard for the safety of others including the Plaintiff and violently struck the rear of [Sanchez's] vehicle, causing [Sanchez] to be pushed into the vehicle in front of him."

Sanchez pleaded that the emergency and '9-1-1 Emergency Service' exceptions to the TTCA's waiver of liability did not apply because "Alvarenga was performing a ministerial function" when driving the police car with emergency equipment activated and when responding to an emergency call." Sanchez pleaded that Alvarenga violated Texas Transportation Code § 546.005 by failing "to operate the vehicle with appropriate regard for the safety of all persons or the consequences of reckless disregard for the safety of others."

The trial court denied the City's Rule 91a motion, and the City appealed.

Analysis

## I.   A plaintiff suing a governmental entity must demonstrate a legislative waiver of immunity.

"Political subdivisions of the State are immune from suits for damages unless their immunity is waived by the Legislature." *City of San Antonio v. Riojas*, 640 S.W.3d 534, 536 (Tex. 2022); *see Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023) (stating that only Legislature, as governmental branch

constitutionally empowered to manage State's financial affairs, can waive sovereign or governmental immunity).[2]

## A. The Texas Tort Claims Act ("TTCA") waives immunity in limited circumstances.

The TTCA waives immunity for the negligent acts of government employees in specific, narrow circumstances. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE § 101.021). Under the TTCA, a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. Here, the parties do not dispute that Sanchez suffered property damage and personal injury and that he was not at fault.

---

[2] "Immunity from suit recognizes the judiciary's limited authority over its sovereign creator and thus implicates the courts' subject-matter jurisdiction to resolve a dispute against the state." *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019).

Thus, we must consider whether Officer Alvarenga would be personally liable to Sanchez under Texas law.

**B.     The TTCA's waiver only applies if the government employee would be personally liable under Texas law; therefore, if the employee has official immunity, there is no waiver.**

Section 101.021(1)(B) provides that the waiver for employee negligence only applies if "the employee would be personally liable to the claimant according to Texas law." *Id.* § 101.021(1)(B). When an employee is protected by official immunity, a governmental employer's immunity is not waived under § 101.021(1)(B) because official immunity protects government employees from personal liability. *City of Houston v. Rodriguez*, 704 S.W.3d 462, 468 (Tex. 2024). A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) provided the employee acts in good faith. *City of Houston v. Sauls*, 690 S.W.3d 60, 70 (Tex. 2024); *see City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994) (establishing three-prong test for official immunity). "Unlike governmental immunity, official immunity is an affirmative defense that must be pleaded and proved to shield an employee from personal liability; otherwise, the defense is lost." *Rodriguez*, 704 S.W.3d at 469.

**C.** **A plaintiff must plead facts sufficient to negate statutory exceptions that withdraw a legislative waiver of immunity.**

While the TTCA waives governmental immunity for certain torts, it withdraws that waiver under certain circumstances, such as the emergency exception and the '9-1-1 Emergency Services' exception. *See Rattray*, 662 S.W.3d at 866; TEX. CIV. PRAC. & REM. CODE § 101.055(2) (emergency exception); *id.* § 101.062 (9-1-1 emergency services exception).

The emergency exception provides that the TTCA does not apply to a claim arising

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

TEX. CIV. PRAC. & REM. CODE § 101.055(2).

The 9-1-1 emergency services exception provides that the TTCA applies to "a claim against a public agency that arises from an action of an employee of the public agency . . . and that involves . . . responding to a 9-1-1 emergency call *only if the action violates a statute or ordinance applicable to the action.*" *Id.* § 101.062(b) (emphasis added).

7

**D. A defendant may assert governmental immunity by challenging the plaintiff's pleading.**

A TTCA plaintiff has the burden to affirmatively demonstrate that the trial court has jurisdiction by showing that his claim falls within a statutory waiver of immunity. *Rattray*, 662 S.W.3d at 865. To make this showing at the pleading stage, the plaintiff must allege facts that, if true, establish a statutory waiver of immunity and negate any statutory provisions that create exceptions to and withdraw that waiver. *Id.* at 867. Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A challenge to the court's jurisdiction based on governmental immunity may be asserted through different procedural avenues. "[T]he parties' burdens will depend on the nature of the plaintiff's claim and how the government poses its jurisdictional challenge." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). Our evaluation of a jurisdictional challenge raised in a Rule 91a motion is limited to the pleadings. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). The plaintiff's pleadings must comply with Texas's notice-pleading rules, which "require pleadings to not only give notice of the claim and the relief sought but also of the essential factual allegations." *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021) (quotations omitted); *see also* TEX.

8

R. CIV. P. 47(a) (providing that pleading that "sets forth a claim for relief . . . shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved").

**III.     Under Texas Rule of Civil Procedure 91a, if the pleadings insufficiently establish a waiver of immunity, the claims must be dismissed.**

Under Rule 91a, a party may move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. A Rule 91a motion to dismiss "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2.

The City argued only that Sanchez's claims lacked basis in law. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). "We review a trial court's ruling dismissing a case under Rule 91a de novo." *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021).

We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Houston Indep. Sch. Dist. v. Kannady*, 702 S.W.3d 790, 793 (Tex. App.—Houston [1st Dist.] 2024, no pet.). In doing so, we "may not consider evidence but 'must decide the motion

9

based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266 (citing TEX. R. CIV. P. 91a.6).

**IV.  The City was not entitled to dismissal under Rule 91a based on official immunity.**

In its first issue, the City argues that Sanchez did not plead facts to overcome the official immunity of Officer Alvarenga. The City argues that, although official immunity is an affirmative defense, Sanchez has the burden to negate official immunity. This is incorrect.

The burden of pleading an affirmative defense is on the party asserting it. *E.g.*, *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) ("If an affirmative defense or avoidance is not expressly pleaded, the party cannot rely on the defense as a bar to liability."); *see* TEX. R. CIV. P. 94 (requiring that any matter "constituting an avoidance or affirmative defense" "shall [be] set forth affirmatively" in responsive pleading). "[A] governmental employer bears the burden to assert and prove its employee's official immunity, in a manner analogous to an affirmative defense, to preclude enforcement of the [TTCA's] waiver of governmental immunity on that ground." *Rodriguez*, 704 S.W.3d at 469.

While a Rule 91a motion to dismiss may be based on the assertion of an affirmative defense, the motion may be granted only if the plaintiff's pleadings conclusively establish the affirmative defense. *See Bethel v. Quilling*, 595 S.W.3d

10

651, 656 (Tex. 2020); *see also City of Houston v. Polk*, No. 14-23-00360-CV, 2025 WL 339175, at *5–6 (Tex. App.—Houston [14th Dist.] Jan. 30, 2025, no pet.) (mem. op.) (explaining it is the City's burden to establish all elements of the official immunity defense). In this case, Sanchez's pleadings do not establish this defense.

This does not end our analysis, however, because the City also argued dismissal was proper because Sanchez failed to negate any plausibly implicated exceptions to the statutory waiver of immunity.

V.    **Sanchez's pleading was not too conclusory to negate the emergency and 9-1-1 exceptions.**

In its second issue, the City argues that Sanchez did not plead facts to negate the emergency and 9-1-1 exceptions to the waiver of immunity. Specifically, the City argues that Sanchez's allegations are boilerplate, conclusory statements, as opposed to statements of fact, and they are not sufficient to negate the applicability of the emergency and 9-1-1 exceptions. Indeed, the City argues that the facts Sanchez pleaded support the emergency exception. In particular, Sanchez alleged that Officer Alvarenga was driving the police car in the course and scope of his employment, with emergency equipment activated (lights), in response to an emergency call.

To negate the emergency exception, Sanchez must show that "(1) the officer did not comply with 'the laws and ordinances applicable to emergency action'; or

11

(2) in the absence of such laws, the officer acted 'with conscience indifference or reckless disregard for the safety of others.'" *Powell*, 704 S.W.3d at 449.

Sanchez argues that he pleaded facts showing that Officer Alvarenga's actions violated Texas Transportation Code § 546.005, a statute applicable to emergency action including responding to a 9-1-1 call. Sanchez relies, in part, on this Court's opinion in *City of Houston v. Jorge Hernandez*, No. 01-24-00031-CV, 2024 WL 3817374, at *7 (Tex. App.—Houston [1st Dist.] Aug. 15, 2024, pet. filed) (mem. op.).

In *Hernandez*, we considered whether a plaintiff's allegations that the City's employee failed to comply with section 546.005 showed a violation of the laws and ordinances applicable to emergency action sufficient to negate the emergency exception. *Id.* at *1. Similar to the case here, Hernandez alleged that he was struck from behind by a police car that was moving "at a high rate of speed" with its siren activated. *Id.* The City of Houston filed a motion to dismiss under Rule 91a arguing that Hernandez failed to plead facts that would negate application of official immunity, the TTCA's emergency exception, or the 9-1-1 exception. *Id.* at *2. Hernandez relied on the allegations in his pleading that the officer was not responding to an emergency call at the time of the collision. *Id.* He also relied on his allegations concerning the officer's conduct, which he asserted constituted negligence and gross negligence and violated Chapter 546 of the Texas

12

Transportation Code, such as: failing to use audible or visual signals as required by Transportation Code Section 546.003, failure to maintain a proper lookout, failure to turn his vehicle to avoid the collision, failure to maintain control of his vehicle and yield the right of way, and following too closely. *Id.* at *6–7. We construed Hernandez's pleadings liberally, as required, and concluded that Hernandez's factual allegations were sufficient to establish that the officer acted with 'reckless disregard' and that his actions were more than a momentary judgment lapse. *Id.*; *see Maspero*, 640 S.W.3d at 531.

Here, Sanchez alleged that he was struck from behind by a City vehicle, driven by a City employee, with its emergency lights activated. While Sanchez did not allege that Officer Alvarenga was not responding to an emergency call, he did make several factual allegations that mirrored those in *Hernandez*, and which he asserts demonstrate that Officer Alvarenga violated Chapter 546 of the Texas Transportation Code:

- Alvarenga "failed to pay attention that the vehicles in front of him and around him were at a complete stop for a red light."

- Alvarenga "failed to control his speed."

- Alvarenga "failed to br[ake] in a timely manner."

- Alvarenga "failed to keep an assured and safe distance from Plaintiff's vehicle."

- Alvarenga "failed to turn his vehicle in order to avoid the collision."

13

- Alvarenga "failed to operate his vehicle with due regard for the safety of all persons including [Sanchez] and/or operated his vehicle with reckless disregard for the safety of others including the Plaintiff and violently struck the rear of [Sanchez's] vehicle, causing [Sanchez] to be pushed into the vehicle in front of him."

Because of the factual, legal, and procedural similarities between this case and *Hernandez*, Sanchez argues that the result should be the same. *See* Appellee's Br. at 16-17.

In addition to our *Hernandez* opinion, at least two other intermediate courts, including our sister court, have determined that similar pleading allegations negated the application of the emergency exception. *See Polk*, 2025 WL 339175, at *5–6 (affirming denial of Rule 91a motion filed by the City of Houston based on official immunity and the emergency exception);[3] *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 30 (Tex. App.—Dallas 2012, pet. denied).[4]

---

[3]    In *City of Houston v. Polk*, No. 14-23-00360-CV, 2025 WL 339175, at *5–6 (Tex. App.—Houston [14th Dist.] Jan. 30, 2025, no pet.), the court held that plaintiff's pleading sufficiently negated the application of the emergency exception because plaintiff alleged the officer failed to keep a proper lookout, failed to apply brakes and turn his vehicle to avoid a collision, failed to maintain a single lane of traffic, failed to control the speed of his vehicle, failed to pay attention, failed to maintain a reasonable distance, operated his vehicle at a rate of speed greater than that of a person of ordinary prudence under the same or similar circumstances, changed lanes when unsafe, and violated Transportation Code sections 545.401 and 545.351.

[4]    In *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 30 (Tex. App.—Dallas 2012, pet. denied), the court held that plaintiff had alleged sufficient facts to negate the application of the emergency exception where police officer collided with the plaintiff from behind, and the plaintiff alleged that the officer was "negligent, reckless, and grossly negligent, including [officer's] failure to comply with traffic

Construing the pleadings liberally in favor of Sanchez and accepting his factual allegations as true, as we must, we determine that Sanchez's pleadings are not too conclusory and sufficiently negated the application of the emergency and 9-1-1 exceptions. We therefore conclude that the trial court did not err in denying the City's Rule 91 motion to dismiss. *See Rattray*, 662 S.W.3d at 867–68; *Leggett*, 396 S.W.3d at 30; *Hernandez*, 2024 WL 3817374, at \*7. *But cf. Powell*, 704 S.W.3d at 458–61(explaining, in evidentiary, jurisdictional challenge what types of evidence demonstrate recklessness as opposed to negligence).

## Conclusion

We affirm the trial court's interlocutory order, and we remand to the trial for further proceedings.

Susanna Dokupil
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

stop policies, control his vehicle, maintain a safe distance between the patrol vehicle and the vehicle in front of him, timely apply his brakes, and turn to avoid the collision" as well as "driving at a greater rate of speed than a person using ordinary care would have driven".

15