**Reversed and Rendered and Memorandum Opinion filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00916-CV

### CITY OF HOUSTON, Appellant

### V.

### ROGELIO CERVANTES HERNANDEZ, Appellee

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2023-15487**

## MEMORANDUM OPINION

The City of Houston appeals the trial court's denial of its Rule 91a motion to dismiss appellee Rogelio Cervantes Hernandez's personal-injury suit.[1] *See* Tex. R.

---

[1] Civil Practice and Remedies Code section 51.014(a)(8) does not explicitly grant this court subject-matter jurisdiction over an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit. *See City of Houston v. Boodoosingh*, No. 14-23-00220-CV, 2024 WL 3188617, at *3 (Tex. App.—Houston [14th Dist.] June 27, 2024, no pet. h.) (Spain, J., concurring). Nevertheless, we acknowledge that the supreme court has declared that we have subject-matter jurisdiction over the interlocutory denial of a Rule 91a motion. *See San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 621 (Tex. 2021).

Civ. P. 91a. In two issues on appeal, the City argues (1) Cervantes's suit is barred by claim preclusion and (2) the trial court erred in denying its Rule 91a motion. We reverse and render judgment dismissing Cervantes's suit for want of jurisdiction.

## I. BACKGROUND

This case arises from a motor-vehicle accident that occurred in November 2022 involving Cervantes and an officer working for the City of Houston Police Department (HPD). Cervantes initially filed suit in Travis County by mistake, which he voluntarily non-suited.

Cervantes filed a second lawsuit in Harris County, which was assigned to the 113th District Court. The trial court issued a final judgment, dismissing Cervantes's suit for "lack of jurisdiction"; it "dispose[d] of all parties and claims and [was] final and appealable." The judgment did not state whether the suit was dismissed with or without prejudice.

The current appeal stems from Cervantes's third lawsuit, which was again filed in Harris County. The suit was transferred to the 113th District Court. In his petition or amended petition, Cervantes alleged that his vehicle was struck by a police vehicle driven by Officer Daniel Drummond. He relied on an HPD investigation finding that "determined that Officer Daniel Drummond failed to control speed and exercise due caution while utilizing emergency equipment at the intersection." He also claimed that the City was negligent in hiring, training, and supervising Drummond. Accordingly, he brought the suit pursuant to the Texas Tort Claims Act ("TTCA").

The City filed a Rule 91a motion to dismiss, pointing out that Cervantes's case had already been dismissed by the same trial court. The City also claimed

2

Cervantes failed to allege facts that would waive the City's immunity. The trial court denied the City's motion.

## II. ANALYSIS

### A. Rule 91a

In its second issue, which we address first, the City argues that the trial court erred in denying its Rule 91a motion because Cervantes did not assert sufficient facts to state a claim. More specifically, the City claims Cervantes did not allege facts demonstrating a waiver of the City's immunity.

#### 1. Standard of review and applicable law

Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6. "We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). "To determine whether dismissal under Rule 91a is required in this case, we thus consider whether the pleadings, liberally construed, allege sufficient facts to invoke a waiver of governmental immunity under the Tort Claims Act." *Id.* at 725.

The TTCA provides a limited waiver of immunity for tort suits against governmental units. TTCA, Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *see Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). Under the section of the TTCA relevant here, a governmental entity may be liable for the torts of its

employee "acting within his scope of employment" arising from the operation or use of motor-driven vehicles or equipment if, among other things, the "employee would be personally liable to the claimant according to Texas law[.]" TTCA, Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

The TTCA includes a subchapter entitled "Exceptions and Exclusions" that lists circumstances under which the waiver of immunity does not apply. TTCA, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.051–.067; *see City of San Antonio v. Hartman*, 201 S.W.3d 667, 671–72 (Tex. 2006). The City does not challenge the applicability of the TTCA; instead, the City argues that Cervantes failed to plead facts to negate the applicability of the emergency and 9-1-1 exceptions.

Under the emergency exception, the TTCA does not apply to a claim based on a governmental employee's conduct if that employee, while responding to an emergency call or reacting to an emergency situation, acts in compliance with laws or ordinances applicable to the emergency actions or, absent such laws or ordinances, the employee's actions are not taken with conscious indifference to or reckless disregard for the safety of others. *See* TTCA, Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2).

The 9-1-1 emergency service exception states, "This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency . . . providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action." TTCA, Tex. Civ. Prac. & Rem. Code Ann. § 101.062. Therefore, both the emergency and 9-1-1 exceptions share a similar element: the plaintiff must demonstrate that the public employee's alleged actions violated a statute, ordinance, or law applicable to the action.

4

**2. Cervantes did not allege sufficient facts to invoke a waiver of governmental immunity**

Cervantes had the burden to affirmatively show a waiver of immunity. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022). To do so, Cervantes also needed to plead facts negating the applicability of the emergency and 9-1-1 exceptions because his pleadings implicate those exceptions. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 867–68 (Tex. 2023) ("Plaintiffs thus need only expressly negate those exceptions that their allegations plausibly implicate[.]").

Cervantes's pleadings reveal very little about the collision itself. It alleges that Drummond and Cervantes collided as Cervantes was driving eastbound and Drummond was driving southbound. His amended petition in his third lawsuit contains general allegations that Drummond was negligent and conclusory statements averring that Drummond was reckless, but there are no factual assertions that would allow us to reasonably infer that Drummond drove recklessly.[2] Thus, even construing his pleadings liberally, we cannot conclude that Cervantes alleged sufficient facts to affirmatively show a waiver of immunity.

To allege facts negating the emergency and 9-1-1 exceptions, Cervantes needed to allege that Drummond's acts were not in compliance with the statutes, laws, or ordinances applicable to emergency action. *See* TTCA, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.055(2), 101.062(b). The laws regarding the operation of an emergency vehicle are located in the Transportation Code. *See* Tex. Transp. Code Ann. §§ 546.001–.007. But Cervantes does not allege any facts suggesting that Drummond violated these laws. Cervantes disputes whether Drummond had his "emergency equipment" activated at the time of the collision, but even if

---

[2] Such facts might include, but are not limited to, whether there were stop signs or traffic lights at the intersection, who had the right of way, what time of day the collision occurred, the relative speed of the vehicles, or any restrictions on the drivers' visibility.

Drummond did not have his lights and sirens activated, that alone does not indicate noncompliance with the laws; depending on the situation, lights and sirens are not always required to be activated. *See, e.g.*, Tex. Transp. Code Ann. §§ 546.003 (requiring, generally, that police use sirens and visual signals, but stating that use of audio and video signals are subject to "the discretion of the operator in accordance with policies of the department or the local government"); 546.004 (listing situations in which officers are not required to use emergency equipment). We note that Cervantes does not claim that Drummond violated any HPD polices regarding the usage of his lights and sirens.

Cervantes alleges that an HPD investigation found that Drummond "failed to control speed and exercise due caution." This does not amount to a factual allegation of noncompliance with applicable laws and ordinances. *See id.* § 546.001 (allowing officers, under certain conditions, to "exceed a maximum speed limit"); *Green v. Alford*, 274 S.W.3d 5, 22 n.20 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Cervantes additionally alleges that Drummond was negligent by being inattentive, failing to keep a proper lookout, and "failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle [in chapter 545 of the Texas Transportation code]." However, chapter 545 contains laws generally applicable to all drivers; alleging noncompliance with chapter 545 does not amount to alleging noncompliance with chapter 546, which is only applicable to emergency action. And alleging Drummond was negligent is insufficient to waive immunity because section 546.005 "imposes a *duty* to drive with due regard for others by avoiding negligent behavior, but it only imposes *liability* for reckless conduct." *Gillespie v. Galveston Cnty. Health Dist.*, 639 S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Thus, Cervantes needed to plead facts

showing that Drummond committed acts or omissions that he knew or should have known posed a high degree of risk of serious injury, or that he "knew the relevant facts but did not care about the result." *Hartman*, 201 S.W.3d at 672 n.19 ; *see Texas Dep't of Pub. Safety v. Zakir*, 665 S.W.3d 884, 892 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ("In other words, the Transportation Code does not waive immunity for 'mere negligence'; a showing of recklessness is required.") (quoting *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex. 1998)).

While Cervantes alleges in his petition that Drummond drove with "conscious indifference or reckless disregard for the safety of others," that constitutes nothing more than a conclusory statement. Cervantes recites no *facts* to support the allegation that Drummond acted in a way that he knew or should have known posed a high degree of risk of serious injury, or that he knew the relevant facts but did not care about the result. *See In re Shire PLC*, 633 S.W.3d 1, 23 (Tex. App.—Texarkana 2021, no pet.) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not [shown]—that the pleader is entitled to relief.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 450–51 (Tex. App.—San Antonio 2016, pet. denied) ("The trial court . . . *accepts the plaintiff's factual allegations as true* . . . . We remain cognizant that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal quotation marks and citations omitted). Therefore, we conclude that Cervantes's pleadings do not allege noncompliance with the applicable laws governing emergency actions, and thus he has not alleged a waiver of immunity for the collision.

Concerning Cervantes's claims of negligent hiring, retention, training, and supervision of Drummond, they do not demonstrate a valid waiver of immunity

under the TTCA. *See City of Houston v. Manning*, No. 14-20-00051-CV, 2021 WL 1257295, at \*8 (Tex. App.—Houston [14th Dist.] Apr. 6, 2021, pet. denied) (mem. op.) ("Negligent hiring, retention, training, or supervision of employees does not constitute operation or use of a motor vehicle, and therefore such claims against governmental units are not cognizable under the TTCA."). And Cervantes does not plead the applicability of any other waiver of immunity other than the TTCA. Therefore, the trial court did not have jurisdiction over these claims.

Because Cervantes failed to affirmatively plead a waiver of immunity, the trial court was required to dismiss his suit against the City. Accordingly, we sustain the City's second issue. Because we affirm the City's second issue, we need not address its first issue concerning whether Cervantes's claims are barred by claim preclusion. *See* Tex. R. App. P. 47.1.

## B. Opportunity to amend petition

Because the jurisdictional evidence establishes that all of Cervantes's claims are barred by governmental immunity, the trial court should have granted the City's motion to dismiss. Having reached this conclusion, we must next decide whether Cervantes is entitled to an opportunity to amend his petition. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397 (Tex. 2022) ("Texas courts allow parties to replead unless their pleadings demonstrate incurable defects."). However, Cervantes has already had a reasonable opportunity to amend his petition after the City filed its first motion to dismiss, which resulted in Cervantes's second suit being dismissed. Cervantes's amended petition in his third lawsuit still does not allege facts waiving immunity. Accordingly, Cervantes is not entitled to another opportunity to amend, and we dismiss his suit with prejudice. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files

8

its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined.").

## III. CONCLUSION

We reverse the trial court's order denying the City's motion to dismiss and render the judgment the trial court should have rendered: a judgment dismissing—with prejudice—Cervantes's suit against the City for want of jurisdiction.


/s/    Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Spain and Poissant.