**Opinion issued August 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00760-CV

_____

**SAMUEL KADYEBO, Appellant**

**V.**

**CENTENNIAL COURT, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Tarrant County, Texas**
**Trial Court Case No. 2023-005020-2**

---

## MEMORANDUM OPINION

In this wrongful eviction case, Samuel Kadyebo, appearing pro se, appeals the trial court's final judgment granting Centennial Court's Rule 91a motion and dismissing his suit with prejudice. *See* TEX. R. CIV. P. 91a.1.  In a single issue with

several subparts,[1] Kadyebo contends that the trial court erred by granting the Rule 91a motion and dismissing his claims.  We reverse and remand.

## Background

In July 2023, Kadyebo, appearing pro se, sued Centennial Court for wrongful eviction in the county court at law in Tarrant County.[2]  In his live pleadings, which consist of an original petition and a supplemental petition, Kadyebo alleged that he was evicted from his leased residence on May 30, 2023, by a constable's deputy pursuant to a writ of possession.  According to Kadyebo, Centennial Court, his landlord, obtained the writ of possession by making fraudulent and false statements to the issuing court.

---

[1] We construe those subparts as presenting one overarching issue—whether the trial court erred by granting the Rule 91a motion and dismissing Kadyebo's claims.  We note that Kadyebo makes two arguments concerning mootness and whether the justice of the peace court and the county court, which were involved in the separate forcible detainer proceeding, had jurisdiction to sign a writ of possession.  Both arguments relate to the parties' dispute about whether the writ of possession was "properly" issued, and thus whether Kadyebo's claims were properly dismissed for lacking a basis in law.  Because this is an appeal from the wrongful eviction proceeding—and not an appeal from the forcible detainer proceeding—we conclude that these issues concern the merits of Kadyebo's wrongful eviction claims rather than the trial court's jurisdiction to hear them.  Furthermore, because resolution of these issues is not necessary to our disposition, we do not address them. *See* TEX. R. APP. P. 47.1.

[2] Pursuant to its docket-equalization powers, the Texas Supreme Court transferred this appeal to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE § 73.001(a); Order Regarding Transfer of Cases from Courts of Appeals, Misc. Docket No. 23-9079 (Tex. Sept. 26, 2023).  We are not aware of any conflict between the precedent of the Second Court of Appeals and this Court. *See* TEX. R. APP. P. 41.3.

Kadyebo alleged that Centennial Court "falsely" represented that he was a holdover tenant and that the parties had entered into a lease agreement. Kadyebo further alleged that the Arlington Housing Authority had paid $7,239.90 to Centennial Court for Kadyebo's rent, and that Centennial Court "stole[] or failed [] to surrender or pay back to [him]" this amount and did not apply it to his rent. Kadyebo also alleged that Centennial Court's "staff/agents on site" stole his property, including a computer system and research data, for which he sought $13,000 in property damages.

Kadyebo's claim for wrongful or constructive eviction is based on several grounds. They include complaints that he allegedly made to Centennial Court about the "existing 'negligent security' situation" at the premises. They also include complaints that Centennial Court retaliated against him in violation of Property Code section 92.331; failed to conduct a lawful business; failed to operate a safe premises; breached its duty of care, which exposed Kadyebo to an unreasonable and foreseeable risk of harm; and acted negligently which caused him harm. Kadyebo attached numerous documents to his supplemental petition.[3]

---

[3] The appellate record does not clearly indicate whether these documents were ever properly before the trial court. *See Guerinot v. Wetherall*, No. 01-12-00194-CV, 2013 WL 2456741, at *5 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op.) ("Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court."). Kadyebo attached the same documents to his response and supplemental response to Centennial Court's Rule 91a motion to dismiss. Centennial Court then objected to the trial court considering

3

Centennial Court moved to dismiss Kadyebo's claims under Rule 91a. *See id.* ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact."). Centennial Court argued that Kadyebo's claims lack a basis in law for two reasons.

First, under Property Code section 92.332(b), a landlord is not liable for retaliation as a matter of law if the tenant is delinquent in rent when the landlord gave notice to vacate or filed an eviction action. *See* TEX. PROP. CODE § 92.332(b)(1). Centennial Court argued that Kadyebo admitted in his pleadings that he failed to pay rent in November 2022, December 2022, and January 2023. Centennial Court further argued that it gave Kadyebo notice to vacate on January 20, 2023; the writ of possession issued on April 28, 2023; and a constable executed

those documents attached to the responses. *See* TEX. R. CIV. P. 91a.6 ("[T]he court may not consider evidence in ruling on the [Rule 91a] motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."). At the hearing on the Rule 91a motion, the trial court initially granted Centennial Court's objections to the documents but later withdrew its ruling. The trial court ultimately did not rule on the objections—but the court stated that in ruling on the motion to dismiss, it would consider only the allegations in the original petition. The trial court acknowledged that Kadyebo had filed a supplemental petition with exhibits, but it stated that this petition "was not an amended petition with exhibits . . . that have been filed into the case." Kadyebo argues on appeal that the trial court erred by not considering the documents attached to his supplemental petition. These documents, however, are not relevant or germane to the primary issues in this appeal—that is, whether Kadyebo was delinquent in paying rent when Centennial Court served him with a notice to vacate or filed an eviction suit against him, and whether the writ of possession properly issued. As a result, it is not necessary for us to address Kadyebo's evidentiary complaint about them. *See* TEX. R. APP. P. 47.1.

4

the writ on May 30, 2023. Therefore, Centennial Court contended, it was not liable for retaliation under section 92.332(b) as a matter of law.

Second, under Property Code section 24.0061, a landlord may not be required to store an evicted tenant's property, and a landlord is not liable for a tenant's damages resulting from the execution of a writ of possession. *See id.* § 24.0061(f), (i). Centennial Court argued that the prior forcible detainer case, which resulted in issuance of the writ of possession, "was properly adjudicated in both the Justice of the Peace Court and County Court at Law." Centennial Court argued that Kadyebo's claims "are the direct result of a properly executed writ of possession" due to Kadyebo's failure to timely pay rent. Thus, Centennial Court asserted that it was not liable for Kadyebo's claimed damages under section 24.0061 as a matter of law.[4]

Kadyebo's response to the Rule 91a motion mirrored his pleadings. He challenged the validity of the writ of possession and argued that Centennial Court obtained the writ by making fraudulent and false representations to the issuing court. Kadyebo also argued that Centennial Court had stolen the funds paid to it by the Arlington Housing Authority on Kadyebo's behalf for rent.

---

[4] Centennial Court also requested its attorney's fees, but the trial court's judgment did not award Centennial Court attorney's fees or costs.

After a hearing, the trial court granted Centennial Court's Rule 91a motion and signed a final judgment dismissing Kadyebo's claims with prejudice. This appeal followed.

## Dismissal Under Rule 91a

In his sole issue, Kadyebo argues that the trial court erred by granting Centennial Court's Rule 91a motion and dismissing his wrongful eviction suit.

### A. Standard of Review and Governing Law

Rule of Civil Procedure 91a authorizes a party to move for early dismissal of a cause of action on the ground that it has "no basis in law or fact."[5] *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020) (quoting TEX. R. CIV. P. 91a.1). A cause of action has no basis in law if the

---

[5] Centennial Court generally argues on appeal that Kadyebo's claims had "no basis in law or fact." But Centennial Court does not provide any legal analysis concerning the lack of a factual basis. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"), 38.2(a)(1) (requiring appellee's brief to "conform to the requirements of Rule 38.1" with limited exceptions not applicable here). Moreover, Centennial Court's Rule 91a motion only challenged Kadyebo's claims on the ground that they have no basis in law. In reviewing a trial court's ruling on a Rule 91a motion, we are confined to the substance of the motion, the plaintiff's live pleadings, and any pleading exhibits permitted by Rule 59. *See* TEX. R. CIV. P. 91a.6. Because Centennial Court's motion did not assert that Kadyebo's claims lacked a basis in fact—and because Centennial Court does not provide any substantive analysis of this issue on appeal—we decline to consider whether Kadyebo's claims have a basis in fact. *See id.*; *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (stating that failure to provide substantive analysis of issues presented results in waiver of complaint on appeal).

6

allegations, taken as true, together with any inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* (quoting TEX. R. CIV. P. 91a.1). Courts have recognized that a cause of action has no basis in law under Rule 91a in at least two situations: (1) where the plaintiff fails to plead a viable, legally cognizable cause of action; and (2) where the allegations in the plaintiff's own pleading establish a legal bar to the relief requested. *Burns v. EMD Supply Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *5 (Tex. App.—Houston [1st Dist.] Apr. 11, 2024, no pet.) (mem. op.); *Long v. Long*, 681 S.W.3d 805, 817–18 (Tex. App.—Dallas 2023, no pet.).

We conduct a de novo review of a trial court's ruling on a Rule 91a motion to dismiss. *Bethel*, 595 S.W.3d at 654; *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) ("We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review."). In conducting our review, we may not consider any evidence. TEX. R. CIV. P. 91a.6; *Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 694 (Tex. App.—Houston [1st Dist.] 2022, no pet.).

We may only consider the substance of the Rule 91a motion, the plaintiff's live pleadings, and any pleading exhibits permitted by Rule 59. TEX. R. CIV. P. 91a.6; *Triple P.G. Sand Dev.*, 649 S.W.3d at 694. Rule 59 provides that certain documents

"may be made a part of the pleadings," but these documents are limited to "[n]otes, accounts, bonds, mortgages, records, and all other written instruments" constituting the claim sued on or a matter set up in defense. TEX. R. CIV. P. 59. In making our determination, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading. *Roach v. Ingram*, 557 S.W.3d 203, 225 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

## B. Analysis

Kadyebo argues that he asserted a proper claim "for injury and damages [he] suffered as a result of [Centennial Court's] premeditated retaliatory wrongful constructive eviction" because he alleged that Centennial Court made false representations to the court in the prior eviction proceeding against him. Consequently, he challenges the "irregular" and "unlawful" writ of possession issued by that court. Kadyebo also points to the allegation in his pleadings that Centennial Court stole some of his possessions, including a computer system and research data, as well as $7,239.90 which the Arlington Housing Authority paid to Centennial Court on his behalf for rent.

In response, Centennial Court relies on two provisions of the Property Code—section 92.332(b) and section 24.0061—to contend that Kadyebo's cause of action

8

for wrongful eviction lacks a basis in law. These provisions served as the basis of Centennial Court's Rule 91a motion. We address each in turn.

First, section 92.332(b)(1) provides that "[a]n eviction or lease termination based on the following circumstances, which are valid grounds for eviction or lease termination in any event, does not constitute retaliation: (1) the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action . . . ." TEX. PROP. CODE § 92.332(b)(1). In other words, if "the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action," then the landlord's "eviction or lease termination" based on the rental delinquency "does not constitute retaliation." *Id.*

Centennial Court does not expressly argue on appeal that Kadyebo was delinquent in paying rent. Instead, Centennial Court broadly refers to "the delinquency of rent" as a reason that Kadyebo's claims "were properly dismissed pursuant to Texas Rule[] of Civil Procedure 91a"—but it provides no substantive argument and no support for that contention.[6]

In its Rule 91a motion, Centennial Court argued that Kadyebo "admitted" in his petition that he "failed to pay rent for the months of November 01, 2022,

---

[6] *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"), 38.2(a)(1) (requiring appellee's brief to "conform to the requirements of Rule 38.1" with limited exceptions not applicable here).

December 01, 2022, and January 01, 2023" before Centennial Court's agent hand delivered a notice to vacate to Kadyebo on January 20, 2023. But Centennial Court's Rule 91a motion did not cite to any part of Kadyebo's petition where he allegedly made such an admission or included any allegation of a January 2023 notice to vacate. Our review of Kadyebo's live pleadings does not reveal that Kadyebo judicially admitted that he failed to pay rent at all. To the contrary, Kadyebo alleged that the Arlington Housing Authority paid Centennial Court $7,239.90 "towards [Kadyebo's] rental account," but Centennial Court did not apply this payment to his rent and instead stole these funds.

Because there is no allegation or statement in Kadyebo's pleadings that he was delinquent in rent when Centennial Court gave notice to vacate or filed an eviction action, we conclude that Property Code section 92.332(b) was not a proper basis of dismissal as a matter of law. *See* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 654 (stating that Rule 91a authorizes dismissal of cause of action that has no basis in law, which means that claimant's allegations, taken as true, together with any inferences reasonably drawn from them, do not entitle claimant to relief sought).

Next, section 24.0061 governs writs of possession in a forcible entry and detainer case. It provides several requirements for the issuance and execution of such writs. *See* TEX. PROP. CODE § 24.0061.

10

Section 24.0061 states in relevant part that "[a] landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession." *Id.* § 24.0061(a). The writ of possession must order the officer executing it to follow certain requirements, including providing notice to the tenant at least 24 hours before the writ is executed. *Id.* § 24.0061(d)(1). The writ must also order the officer, when the writ is executed, to deliver possession of the premises to the landlord; instruct the tenant and other occupants to leave the premises immediately and physically remove them if they fail to comply; instruct the tenant to remove or to allow the landlord's representatives to remove the tenant's personal property from the rental unit; and place the removed personal property outside the rental unit at a nearby location. *Id.* § 24.0061(d)(2). The officer "may not require the landlord to store the property." *Id.* § 24.0061(f).

Additionally, under subsection (i) of the statute, "[a] landlord is not liable for damages to the tenant resulting from the execution of a writ of possession by an officer under this section." *Id.* § 24.0061(i). Subsection (i) was added to section 24.0061 effective September 1, 2021. Act of May 30, 2021, 87th Leg., R.S. ch. 641, § 1, sec. 24.0061, 2021 Tex. Gen. Laws 1288, 1289 (current version at TEX. PROP. CODE § 24.0061(i)). Because Kadyebo was evicted in May 2023, it applies to his claims.

However, neither party cites to any caselaw applying subsection (i). And our own research has not revealed any cases involving this recently added provision. Thus, whether Centennial Court can be liable for Kadyebo's claimed damages under this provision appears to be an issue of first impression.

We interpret statutes according to their plain language, and we construe statutory text in light of the statute as a whole. *City of Austin v. Quinlan*, 669 S.W.3d 813, 821 (Tex. 2023); *McDowell Owens Eng'g, Inc. v. Timaeus Law Firm, PLLC*, 679 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2023, pet. denied). In doing so, we give statutory terms their common, ordinary meaning unless the text provides a different definition, or the common meaning leads to an absurd result. *Quinlan*, 669 S.W.3d at 821; *McDowell Owens Eng'g*, 679 S.W.3d at 758.

We cannot impose our own judicial meaning on a statute by adding extratextual words or requirements. *Quinlan*, 669 S.W.3d at 821. Nevertheless, we do not interpret statutes in isolation; rather, we interpret the language with reference to the broader statutory context. *Id.*; *McDowell Owens Eng'g*, 679 S.W.3d at 758. Where possible, we give effect to all the statute's words without treating any language as surplusage. *Quinlan*, 669 S.W.3d at 821; *McDowell Owens Eng'g*, 679 S.W.3d at 758. And we do not attribute to the Legislature an intent to enact statutes that lead to an absurd or nonsensical result. *Quinlan*, 669 S.W.3d at 821; *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 556 (Tex. 2015). Rather, we must

12

presume that the Legislature intended a "just and reasonable result." TEX. GOV'T CODE § 311.021(3).

Here, the parties' dispute focuses on whether the issuance and execution of the writ was "proper." Section 24.0061(i) does not contain the term "proper." TEX. PROP. CODE § 24.0061(i). Subsection (i) broadly provides that "[a] landlord is not liable for damages to the tenant resulting from the execution of a writ of possession by an officer under this section." *Id.*

Thus, under the plain language of subsection (i), it does not appear necessary to consider whether execution of a writ of possession was "proper" before a landlord can be held not liable for a tenant's damages resulting from execution of the writ. *See id.*; *Quinlan*, 669 S.W.3d at 821 (prohibiting courts from imposing judicial meaning on statute by adding extratextual words or requirements).

Nevertheless, both parties contend that the applicability of this provision turns on whether the issuance and execution of the writ was "proper." Assuming without deciding that the Legislature's intended "just and reasonable result" in enacting subsection (i) was that a writ be "properly" issued in order to insulate a landlord from liability for damages[7]—we disagree with Centennial Court that Kadyebo alleged or stated in his pleadings that the writ of possession was executed properly.

---

[7] Indeed, it would arguably lead to an absurd and nonsensical result to construe subsection (i) as shielding a landlord from liability for damages to a tenant due to an execution of a writ of possession that was defective. *See City of Austin v. Quinlan*,

13

In that regard, Centennial Court cannot point us to any allegation or statement in Kadyebo's pleadings that his claims "are the direct result of a properly executed writ of possession which was issued because of [Kadyebo's] failure to timely pay rent." To the contrary, Kadyebo pleaded that the writ was "irregular" and "unlawful" because Centennial Court made false representations to the issuing court in obtaining the writ. He expressly disputed the propriety of both the issuance of the writ and its execution. This falls outside our reading of subsection (i). *See* TEX. GOV'T CODE § 311.021(3).

Moreover, not all Kadyebo's alleged damages "result[ed] from the execution of [the] writ of possession" in this case. *See* TEX. PROP. CODE § 24.0061(i). For example, Kadyebo pleaded that he "suffered property loss worth $13[,]000 due to theft from [Centennial Court's] staff/agents on site," including a computer system worth $5,000 and research data. Kadyebo also pleaded that the Arlington Housing Authority paid Centennial Court $7,239.90 on his behalf for rent, but Centennial Court stole the payment and did not apply it to his rent.

Accordingly, because Kadyebo did not allege that all his damages resulted from execution of the writ of possession, we conclude for this further reason that Property Code section 24.0061(i) was not a proper basis to dismiss his claims as a

669 S.W.3d 813, 821 (Tex. 2023); *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 556 (Tex. 2015).

matter of law. *See* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 654 (stating that Rule 91a authorizes dismissal of cause of action that has no basis in law, which means that claimant's allegations, taken as true, together with any inferences reasonably drawn from them, do not entitle claimant to relief sought).

In sum, Centennial Court did not establish that Kadyebo's claims lack a basis in law under either Property Code section 92.332(b)(1) or section 24.0061(i). We therefore hold that the trial court erred by granting Centennial Court's Rule 91a motion to dismiss and dismissing Kadyebo's claims for wrongful eviction.[8]

We sustain Kadyebo's sole issue on appeal.

## Conclusion

For all the reasons above, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion. All pending motions are dismissed as moot.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

---

[8] Based on this conclusion, we do not consider Kadyebo's remaining arguments. *See* TEX. R. APP. P. 47.1.