**Opinion issued November 4, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00936-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**MYAUNA WRIGHT, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-28376**

---

## MEMORANDUM OPINION

After a City of Houston fire engine struck Myauna Wright's vehicle, she filed suit. The City moved for dismissal under Rule 91a on the grounds that it was immune from suit and Wright had not alleged facts demonstrating a waiver of that immunity. The trial court denied the motion, and the City appealed.

On appeal, the City again argues that Wright failed to plead facts that would both establish a waiver of immunity under the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE § 101.001, *et seq.*, and negate application of the 9-1-1 and emergency exceptions to the TTCA's waiver of immunity. Wright maintains that her pleading was sufficient to establish waiver and negate the plausibly implicated exceptions.

We affirm.

## Background

Wright sued the City and its alleged employee, S. Obando, for damages arising from a collision between a City of Houston fire engine and her vehicle. The City filed a Rule 91a motion to dismiss, alleging that Wright failed to plead a valid waiver of governmental immunity and facts that would negate the 9-1-1 and emergency exceptions to the waiver of governmental immunity.

About three weeks after the City filed its Rule 91a motion to dismiss, Wright amended her petition and pleaded the following in the "facts" section of her petition:

- "The City is a municipality that employs and is responsible for the personnel who work for the Houston Fire Department."

- "At the time of the loss that caused Plaintiff's injuries, the City's firemen were driving a fire truck in the scope of their employment for the City."

- "On or about August 25, 2022, Plaintiff was traveling on Griggs Road in Harris County."

2

- "The City's fire engine, driven by its employee [S.] Obando, attempted to overtake Plaintiff who was trying to move out of the firetruck's way."

- "As she attempted to pull out of the way and to the right side of the road, the fire engine, without warning and without waiting for her to move, attempted to get around her and caused a collision."

- "The fireman operated the truck without due care and caused a collision with Plaintiff's vehicle, striking it on the left rear and side of the vehicle."

- "Had the fireman waited a second longer or less for Plaintiff to move further to the side of the roadway, or if the fireman steered his vehicle around Plaintiff instead of in to [sic] her vehicle, then this collision would have been avoided."

- "But the fireman's reckless disregard for the safety of others and his haste in getting past Plaintiff directly caused this loss and the resulting injury."

- "The fireman failed to operate the fire engine with appropriate regard for the safety of others, failed to slow the fire engine as necessary for its safe operation, exceeded the maximum speed limit endangering life and property, failed to pass safely, and acted with reckless disregard for the safety of others."

- "Plaintiff acted appropriately at all times, drove safely, and was actually attempting to move out of the way of the fire engine when she was struck in the rear."

- "As a result of the collision, Plaintiff suffered serious bodily injury."

In pleading her negligence claim, Wright alleged that Obando engaged in the following "negligent, careless, and reckless" acts or omissions:

- Failing to keep a proper lookout;

- Failing to yield "as a person of prudent care would have done";

- Failing to turn to avoid the collision;

- Failing to "operate a motor vehicle as a person using ordinary prudent care would have done";

- Failing to maintain "a clear and reasonable distance" between the fire engine and the Wright's vehicle which would have allowed her to bring her vehicle to a safe stop and avoided the collision;

- Failing to "keep such distance away from [Wright's] motor vehicle as a person using ordinary prudent care would have done";

- Failing to slow the fire engine to allow safe passing;

- Faling to "operate the fire engine with appropriate regard for the safety of others;"

- Acting with "reckless disregard for the safety of others";

- Operating the fire engine "at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances";

- Failing to apply his brakes "in a timely and prudent manner" or at all in order to avoid the collision.

The trial court denied the City's motion, and the City appealed.

**Analysis**

In a single issue on appeal, the City argues that the court erred by denying its Rule 91a motion because Wright did not allege facts to overcome the City's immunity. Wright contends that she did.

4

# I.    Standards of Review

## A.    A plaintiff suing a governmental entity must demonstrate a legislative waiver of immunity.

"Political subdivisions of the State are immune from suits for damages unless their immunity is waived by the Legislature." *City of San Antonio v. Riojas*, 640 S.W.3d 534, 536 (Tex. 2022); *see Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023) (stating that only Legislature, as governmental branch constitutionally empowered to manage State's financial affairs, can waive sovereign or governmental immunity).[1] A TTCA plaintiff has the burden to affirmatively demonstrate that the trial court has jurisdiction by showing that her claim falls within a statutory waiver of immunity. *Rattray*, 662 S.W.3d at 865. To make this showing at the pleading stage, the plaintiff must allege facts that, if true, establish a statutory waiver of immunity and negate any statutory provisions that create exceptions to and withdraw that waiver. *Id.* at 867. Whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

---

[1]    "Immunity from suit recognizes the judiciary's limited authority over its sovereign creator and thus implicates the courts' subject-matter jurisdiction to resolve a dispute against the state." *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019).

**B.     A defendant may assert governmental immunity by challenging the plaintiff's pleading.**

A challenge to the court's jurisdiction based on governmental immunity may be asserted through different procedural avenues. "[T]he parties' burdens will depend on the nature of the plaintiff's claim and how the government poses its jurisdictional challenge." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). Our evaluation of a jurisdictional challenge raised in a Rule 91a motion is limited to the pleadings. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). The plaintiff's pleadings must comply with Texas's notice-pleading rules, which "require pleadings to not only give notice of the claim and the relief sought but also of the essential factual allegations." *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021) (quotations omitted); *see also* TEX. R. CIV. P. 47(a) (providing that pleading that "sets forth a claim for relief . . . shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved").

**C.     Under Texas Rule of Civil Procedure 91a, if the pleadings insufficiently establish a waiver of immunity, the claims must be dismissed.**

Under Rule 91a, a party may move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. A Rule 91a motion to dismiss "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. A cause of action has no basis in law if the

6

allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021). We review a trial court's ruling dismissing a case under Rule 91a de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021).

We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Houston Indep. Sch. Dist. v. Kannady*, 702 S.W.3d 790, 793 (Tex. App.—Houston [1st Dist.] 2024, no pet.). In doing so, we "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 266 (citing TEX. R. CIV. P. 91a.6).

## II.     Wright alleged a waiver of immunity under the TTCA, subject to statutory exceptions.

The TTCA waives immunity for the negligent acts of government employees in specific, narrow circumstances. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE § 101.021). Under the TTCA, a governmental unit is liable for:

> (1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

7

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2)    personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021.

Here, Wright alleged that she suffered property damage or personal injury caused by the negligence or recklessness of the City's firefighter, Obando, while operating a fire engine, which is a motor-driven vehicle. In the trial court, the City argued that Obando would not be personally liable to Wright under Texas law because he would be protected by the doctrine of official immunity.

When an employee is protected by official immunity, a governmental employer's immunity is not waived under § 101.021(1)(B) because official immunity protects government employees from personal liability. *City of Houston v. Rodriguez*, 704 S.W.3d 462, 468 (Tex. 2024). A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) provided the employee acts in good faith. *City of Houston v. Sauls*, 690 S.W.3d 60, 70 (Tex. 2024); *see City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994) (establishing three-prong test for official immunity). "Unlike governmental immunity, official immunity is an

affirmative defense that must be pleaded and proved to shield an employee from personal liability; otherwise, the defense is lost." *Rodriguez*, 704 S.W.3d at 469.

The burden of pleading an affirmative defense is on the party asserting it. *E.g.*, *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015) ("If an affirmative defense or avoidance is not expressly pleaded, the party cannot rely on the defense as a bar to liability."); *see* TEX. R. CIV. P. 94 (requiring that any matter "constituting an avoidance or affirmative defense" "shall [be] set forth affirmatively" in responsive pleading). "[A] governmental employer bears the burden to assert and prove its employee's official immunity, in a manner analogous to an affirmative defense, to preclude enforcement of the [TTCA's] waiver of governmental immunity on that ground." *Rodriguez*, 704 S.W.3d at 469.

While a Rule 91a motion to dismiss may be based on the assertion of an affirmative defense, the motion may be granted only if the plaintiff's pleading conclusively establishes the affirmative defense. *See Bethel v. Quilling*, 595 S.W.3d 651, 656 (Tex. 2020); *see also City of Houston v. Polk*, No. 14-23-00360-CV, 2025 WL 1692588, at *4 (Tex. App.—Houston [14th Dist.] June 17, 2025, no pet.) (mem. op.) (explaining it is City's burden to establish all elements of official immunity defense).

Wright's pleading does not establish that Obando is entitled to official immunity because she alleged that he acted with reckless disregard, which would

9

negate good faith. Moreover, in its reply brief, the City conceded that Wright had no burden to plead facts to overcome the driver's assertion of official immunity. Because Wright's pleading alleges that the fire engine driver's breach of a duty of care caused her damages, we conclude that she alleged a waiver of immunity under the TTCA, subject to the statutory exceptions, which we consider next. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1).

### III. Wright pleaded facts sufficient to negate statutory exceptions that were plausibly raised by her pleading.

While the TTCA waives governmental immunity for certain torts, it withdraws that waiver under certain circumstances, such as the emergency exception and the '9-1-1 Emergency Services' exception. *See Rattray*, 662 S.W.3d at 866; TEX. CIV. PRAC. & REM. CODE § 101.055(2) (emergency exception); *id.* § 101.062 (9-1-1 emergency services exception).

The emergency exception provides that the TTCA does not apply to a claim arising

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

TEX. CIV. PRAC. & REM. CODE § 101.055(2).

The 9-1-1 emergency services exception provides that the TTCA applies to "a claim against a public agency that arises from an action of an employee of the public

10

agency . . . and that involves . . . responding to a 9-1-1 emergency call *only if the action violates a statute or ordinance applicable to the action*." *Id.* § 101.062(b) (emphasis added).

In its brief, the City argues that Wright pleaded no facts to negate these exceptions. We disagree.

To negate the emergency exception as raised in a Rule 91a motion, Wright must plead facts that would show "(1) the officer did not comply with 'the laws and ordinances applicable to emergency action,' or (2) in the absence of such laws, the officer acted 'with conscious indifference or reckless disregard for the safety of others.'" *Powell*, 704 S.W.3d at 449. Wright argues that the law applicable to driving a fire engine is found in Chapter 546 of the Texas Transportation Code. Section 546.005 requires the operator of an authorized emergency vehicle to "operate the vehicle with appropriate regard for the safety of all persons" and does not relieve the operator from "the consequences of reckless disregard for the safety of others." TEX. TRANSP. CODE § 546.005. This recklessness standard requires a showing that "the driver committed an act he knew or should have known posed a high degree of risk of serious injury." *Rivera v. City of Houston*, No. 01-19-00629-CV, 2022 WL 2163025, at *6 (Tex. App.—Houston [1st Dist.] June 16, 2022, pet. denied) (mem. op.); *see City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006)

11

("conscious indifference" and "reckless disregard" have been interpreted to require proof that party knew relevant facts but did not care about result).

Wright pleaded facts showing that Obando's actions violated Texas Transportation Code § 546.005, a statute applicable to emergency action including responding to a 9-1-1 call. Wright alleged that she was struck by a City fire engine, driven by a City employee, when she was actively trying to move away from the fire engine, and while the engine drove faster than the surrounding traffic. She did not allege that the fire engine's emergency lights or sirens were activated, and we cannot infer that they were from the pleadings when reviewing a ruling on a Rule 91a motion to dismiss. *See Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d at 266 (court must decide motion based solely on the pleading). Several of her factual allegations assert that Obando violated Chapter 546 of the Texas Transportation Code by acting with "reckless disregard" and without "appropriate regard" for safety:

- "fail[ing] to keep a proper lookout";

- "fail[ing] to yield as a person of prudent care would have done";

- "fail[ing] to turn [the fire engine] in an effort to avoid the collision";

- "fail[ing] to operate a motor vehicle as a person using ordinary prudent care would have done";

- "fail[ing] to maintain a clear and reasonable distance" between the fire engine and Wright's vehicle, which would have allowed her to bring her vehicle to a safe stop, avoiding the collision;

12

- "fail[ing] to keep such distance away from [Wright's] motor vehicle as a person using ordinary prudent care would have done";

- "fail[ing] to slow the fire engine to allow safe passing";

- "failing to operate the fire engine with appropriate regard for the safety of others";

- operating the fire engine "at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances";

- failing to apply his brakes "in a timely and prudent manner" or at all in order to avoid the collision.

Other factual allegations in Wright's pleading provide necessary context, which, if proven, would demonstrate why the alleged acts and omissions were reckless, and not merely negligent or simply accidental. Wright alleged that she was in the midst of moving out of the way of the fire engine, pulling to the right side of the road, when the fire engine "without warning and without waiting for her to move" caused a collision by attempting to move around her. Proof that the engine was attempting to move around her would also show that the engine's driver was aware of her. Proof that the engine gave no warning could demonstrate to a reasonable factfinder that despite knowing that Wright's vehicle was in the way, the driver nevertheless proceeded without any warning to nearby vehicles and without regard to the risk of a collision.

We conclude that Wright's pleading sufficiently pleaded facts that would negate the emergency exception. *See City of Houston v. Jorge Hernandez*, No. 01-

24-00031-CV, 2024 WL 3817374, at *7 (Tex. App.—Houston [1st Dist.] Aug. 15, 2024, pet. filed) (mem. op.) (holding, in automobile collision case, that pleading allegations of officer's failure to maintain proper lookout, failure to turn his vehicle to avoid collision, failure to maintain control of his vehicle and yield right of way, and following too closely were sufficient to negate emergency exception); *see also City of Houston v. Sanchez*, No. 01-24-00440-CV, 2025 WL 1657762, at *6 (Tex. App.—Houston [1st Dist.] June 12, 2025, no pet.) (mem. op.) (affirming denial of Rule 91a motion filed by City of Houston based on official immunity, emergency exception and 9-1-1 exception); *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 30 (Tex. App.—Dallas 2012, pet. denied).[2] *But cf. Polk*, 2025 WL 339175, at *5–6 (concluding that plaintiff was not required to negate applicability of emergency exception because it was not plausibly implicated by pleading).[3]

---

[2]     In *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 30 (Tex. App.—Dallas 2012, pet. denied), the court held that plaintiff had alleged sufficient facts to negate the application of the emergency exception where police officer collided with the plaintiff from behind, and the plaintiff alleged that the officer was "negligent, reckless, and grossly negligent, including [officer's] failure to comply with traffic stop policies, control his vehicle, maintain a safe distance between the patrol vehicle and the vehicle in front of him, timely apply his brakes, and turn to avoid the collision" as well as "driving at a greater rate of speed than a person using ordinary care would have driven."

[3]     In *City of Houston v. Polk*, No. 14-23-00360-CV, 2025 WL 1692588, at *5 (Tex. App.—Houston [14th Dist.] June 17, 2025, no pet.) (mem. op.), the plaintiff pleaded that the officer, who allegedly caused the collision, failed to keep a proper lookout, failed to apply brakes and turn his vehicle to avoid a collision, failed to maintain a single lane of traffic, failed to control the speed of his vehicle, failed to pay attention,

To the extent that the 9-1-1 exception is plausibly implicated by Wright's pleading, and under the facts pleaded in her amended petition, we further hold that Wright's pleading negates the 9-1-1 exception as well.

Accordingly, we hold that the trial court did not err by denying the Rule 91a motion to dismiss. We overrule the City's sole issue.

## Conclusion

We affirm the trial court's interlocutory order, and we remand to the trial for further proceedings.


Susanna Dokupil
Justice

Panel consists of Chief Justice Adams, and Justices Morgan and Dokupil.

---

failed to maintain a reasonable distance, operated his vehicle at a rate of speed greater than that of a person of ordinary prudence under the same or similar circumstances, changed lanes when unsafe, and violated Transportation Code sections 545.401 and 545.351. The court of appeals acknowledged that the plaintiff's "petition did not expressly deny" that the officer "was responding to an emergency call or emergency situation at the time of the accident, [but] 'neither did the petition allege any facts consistent with emergency action.'" *Id.* (citing *City of Houston v. Cruz*, No. 01-22-00647-CV, 2023 WL 8938408, at *7 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, no pet.) (mem. op.)). Thus, the court of appeals concluded that the plaintiff's petition did not plausibly implicate the applicability of the emergency exception, and the plaintiff was not required to negate it. *Id.* at *6.