In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-24-00333-CV
_____

### THOMAS TODD LARGE, Appellant

### V.

### PHILLIPE CRAS, Appellee

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 24-05-08324-CV

### MEMORANDUM OPINION

Thomas Todd Large appeals the trial court's order granting Phillipe Cras's Motion to Dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure. Because Large does not challenge the dismissal of any claims other than fraud, we affirm the trial court's dismissal of all but Large's fraud claim. However, because the fraud claim, as alleged, is not without a basis in law or fact, we reverse the trial court's order dismissing the fraud claim and remand this case to the trial court for further proceedings, including allocation of attorney fees.

1

## Background

Large filed suit against Cras alleging causes of action for breach of contract, detrimental reliance, quantum meruit, and common-law fraud. Because Large challenges only the dismissal of his fraud claim, we limit our discussion of the background accordingly.

Large contends in his petition that Cras approached Large in November 2019 regarding a job with a business Cras was starting that would import food products from Belgium and distribute them in Texas. Large was apprehensive about working for a start-up company. According to Large's petition, he negotiated a severance package where he would receive one month's notice of termination, with full pay and insurance coverage for his family for six months after termination; Cras agreed to these terms. Large signed an employment agreement which set out his salary and insurance benefits. Cras signed the agreement on behalf of what Large alleges was a "shell" company. The agreement provided for one month's notice of termination, the agreed salary and insurance benefits, but the severance was made optional at the choice of the "shell" company. In his petition, Large admits he did not read the agreement carefully and did not consult with legal counsel before signing the agreement.

Large claims that in July 2020, the COO of the "shell" company emailed to inform him he was terminated. According to Large's petition, the one-month notice

provision was ignored; instead, terms and conditions that he did not agree to were cited. Subsequently, Cras filed a petition for bankruptcy for the "shell" company.

Under the heading, "Common Law Fraud," the petition alleges:

> Cras made representations to Large on several occasions that he was interested in building a business, which he never did. The business was a start up under the a [sic] shell company with no assets or revenue.

> Cras knew these promises to Large were false when Cras made them. Large relied on the false representations of Cras and suffered the damages set out herein. Large knew that working for this company was risky but he trusted Cras. However, Large would never have worked for Cras without the severance package agreed to by Cras. When Large was terminated Cras refused to honor any part of the agreement. Large was left unemployed during a world-wide pandemic without any income or health insurance for his family.

In response, Cras answered the petition and moved to dismiss all of Large's causes of action under Texas Rule of Civil Procedure 91a. In the motion, Cras argues Large's common-law fraud claim should be dismissed because the misrepresentation that Large alleges is that Cras was "interested in building a business." According to the motion, the fraud claim has no basis in fact, because no reasonable person would believe that the statement was material, nor does Large allege it was material. Cras also argues Large's fraud claim has no basis in law because the petition pleads facts indicating Cras was, in fact, interested in building a business because it asserts that Cras created a limited liability company, hired Large, and hired a chief operating officer.

3

The trial court signed an order dismissing the suit under Rule 91a and awarding Cras $2,480 in attorney fees. Large appealed. In his appellate brief, Large argues that the trial court erred in dismissing his claim for common-law fraud. Specifically, he argues that Cras is not shielded from individual liability simply because he was acting as a corporate agent.[1] Large argues the claim is not without basis in law or fact, because no single fact in Large's petition is unbelievable, and the facts, when taken as true, support a finding that Cras defrauded Large by promising to pay severance and health insurance upon termination and failed to do so.

Standard of Review and Discussion

Rule 91a allows a party to move to dismiss a cause of action that has no basis in law or fact. *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (citing Tex. R. Civ. P. 91a.1). The rule provides in relevant part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

---

[1]Although Cras argued in the trial court that he is not liable in his individual capacity, on appeal, he does not respond to Large's arguments that Cras may be held individually liable for fraud. That said, "if there is evidence that the agent personally made misrepresentations, then that agent can be held personally liable." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002).

4

Tex. R. Civ. P. 91a.1.

"We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *GoDaddy.com, LLC*, 429 S.W.3d at 754. "[I]n determining whether the trial court erred in denying a defendant's motion to dismiss, we take all the plaintiff's allegations as true and consider whether a plaintiff's petition contains 'enough facts to state a claim to relief that is plausible on its face.'" *See GoDaddy.com, LLC*, 429 S.W.3d at 754 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The trial court's ruling must be based solely on the plaintiff's pleadings of its claims. *Johnson v. Walker*, No. 09-22-00255-CV, 2023 Tex. App. LEXIS 1172, at *6 (Tex. App.—Beaumont Feb. 23, 2023, no pet.) (mem. op.). We have previously explained that "dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief." *GoDaddy.com, LLC*, 429 S.W.3d at 754. To determine whether a dismissal under Rule 91a is required, we consider whether the pleadings, liberally construed, allege sufficient facts to state a claim for common-law fraud against Cras. *See Sanchez*, 494 S.W.3d at 725.

A cause of action alleged by a claimant has no basis in fact "if no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1. "The 'no basis in fact' prong of rule 91a.1 relates to the *believability* of the facts alleged by a plaintiff in pleading a cause of action and, thus, seldom rises to a point of contention in the case law." *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 842 (Tex. App.— Dallas 2023, no pet.) (emphasis in original). The "no basis in fact" prong is a "factual plausibility standard." *Sanchez*, 494 S.W.3d at 724. We do not consider whether the allegations "are likely, or even if the conduct alleged is outlandish, but only if a reasonable person could believe the alleged conduct." *Drake v. Walker*, No. 05-14-00355-CV, 2015 Tex. App. LEXIS 4732, at *9 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.).

A cause of action alleged by a claimant has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. "At the outset, in assessing whether the non-movant's pleading has no basis in law, we apply a fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action." *Davis*, 700 S.W.3d at 843. "When applying the fair-notice pleading standard to our review in a rule 91a context, 'we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has

6

a basis in law or fact.'" *Id.* at 844 (citations omitted). "'[I]f nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied.'" *Id.* (citations omitted).

Typically, there are two circumstances in which a court may determine that a cause of action has no basis in law under rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action, or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi 2017, no pet.); *see also In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding) (review of Texas Supreme Court cases reveals the defendant must establish the plaintiff's claims are "foreclose[d] as a matter of law" because either "(1) the causes of action in the petition are not recognized by Texas law or (2) the causes of action are recognized, but the plaintiff has alleged facts that defeat those claims under settled law (i.e., the plaintiff has pleaded itself out of court)").

Analysis

The elements of fraud are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party

7

should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

First, accepting as we must that the allegations in his petition are true, we conclude that Large has shown a basis in fact for his common-law fraud action. In his petition, Large alleged that Cras "made representations to Large on several occasions that he was interest[ed] in building a business, which he never did[.]" Although not appearing under the "Common Law Fraud" heading, the petition also alleges Cras agreed to Large's request that he be provided one month's notice of termination, with full pay and six months' insurance coverage for his family. The petition reveals no basis to conclude no reasonable person could believe the facts pleaded. *See Davis*, 700 S.W.3d at 847.

We next turn to the question of whether Large's common-law fraud cause of action lacks a basis in law. Cras argues the only representation Large alleges in the petition is that Cras told Large he intended to build a business. We disagree. The petition also asserts Cras agreed to provide Large a severance package and that Large "would never have worked for Cras without the severance package agreed to by Cras." Cras also argues that since the petition alleges Large signed an employment agreement which made the severance package optional, there is no basis in law for Large's common-law fraud claim. Cras's brief asserts, "Appellant's imprudent

action of not reading the employment agreement before he signed it, taken as true, eliminates Appellant's claim of common-law fraud as a matter of law." Cras cites no authority for this argument, and we are aware of none. To the contrary, "Where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care." *Isenhower v. Bell*, 365 S.W.2d 354, 357 (Tex. 1963). After reviewing the pleadings and drawing reasonable inferences from the factual allegations, we conclude Large did not plead himself out of court with respect to his claim for fraud. Accordingly, the trial court erred in granting Cras's Rule 91a motion to dismiss Large's common-law fraud claim.

Attorney Fees

The trial court's order awards Cras $2,480 in attorney fees. Rule 91a.7 provides that "the court may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred *with respect to the challenged cause of action* in the trial court." Tex. R. Civ. P. 91a.7 (emphasis added). Although Cras prevailed on all causes of action in the trial court, we reverse and remand to the trial court the common-law fraud claim. Because attorney fees were not allocated among the various causes of action, upon remand, the trial court is directed to determine the

9

attorney fees, if any, attributable to the claims that were dismissed and the fraud claim which should not have been dismissed under Rule 91a.

Conclusion

We reverse that portion of the trial court's order dismissing Large's common-law fraud claim. We affirm those portions of the trial court's order dismissing Large's claims for breach of contract, detrimental reliance, and quantum meruit, and we reverse the trial court's dismissal of the fraud claim, and we remand the case for further proceedings consistent with this opinion, including a determination of the award of attorney fees.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

KENT CHAMBERS
Justice

Submitted on May 28, 2026
Opinion Delivered June 4, 2026

Before Johnson, Wright and Chambers, JJ.

10